STATE OF NEBRASKA ET AL., APPELLEES, V. SEVERAL PARCELS OF LAND ET AL., APPELLANTS.

FILED DECEMBER 7, 1906. No. 14,552.

Cities: IMPROVEMENTS: PETITION. The evidence examined, and *held* insufficient to support a finding that appellant Gibson was paid a consideration for signing a petition for local improvements.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*A. H. Murdock,* for appellants.

*W. C. Lambert, contra.*

EPPERSON, C.

This is a suit under the scavenger act to foreclose certian special assessments levied by the city of South Omaha against the property of L. C. Gibson. It is conceded that the special tax is void, and the only point at issue is whether Gibson is estopped to question the validity of the assessment.

The lower court found that Gibson was the owner of

the property described in the petition, and that he was paid a consideration for signing the petition and was estopped from questioning the validity of the tax. The record discloses that Cash Brothers contracted with the city to grade the streets in question, and on November 2, 1899, lodged with the city clerk the following order: "South Omaha, Nebraska, Nov. 2, 1899. To the City Clerk of the City of South Omaha, Neb. Dear Sir: You are hereby authorized and directed to issue and deliver to L. C. Gibson a warrant on grading district No. 42 (being for the grading of 22d st. between N & O sts. in the city of South Omaha) for a sum equal to the amount of grading tax assessed and made a lien on the east eighty (80) feet of lots one (1) and two (2), in block one hundred and twelve (112), and the north ½ of lot three (3), in block one hundred and twelve (112), South Omaha, Nebraska. The refunding to him of a sum equal to the tax (to be assessed against the above described lots owned by him) for the grading of the said street as above specified is a consideration offered to him by me for his signature to the petition to grade the said street, which said signature to grade it is understood will be withdrawn unless the grading of said street in said district shall be without cost to him. Cash Bros. Witness, R. A. Carpenter." It further appears that a warrant was issued to Cash Brothers, of which the following is a copy: "$360.90. City of South Omaha, State of Nebraska. Amount levied $————. Am't. issued. $375.90. No. 4. South Omaha, Neb. 4-10-900. City Treasurer: Pay to Cash Bros. or order, three hundred and sixty 90-100 dollars for grading 22 N to O and charge to the account of G. Dist. No. 42 fund. A. R. Kelly, Mayor. S. C. Shrigley, City Clerk. (Seal)." Stamped on the face of the warrant are the following words and figures: "Assignment to R. A. Carpenter, City Clerk." Paid Apr. 10, 1900. F. A. Broadwell, City Treas., South Omaha, Neb." Stamped on the back thereof are the following words and figures: "Presented and registered for payment, Apr. 10, 1900. Not

paid for want of funds. F. A. Broadwell, City Treas. Reg. No. ——, page 186." There was also written in ink across the back of the warrant: "L. C. Gibson."

No other evidence was introduced tending to show that Gibson received a consideration for signing the petition. It does not appear that the order above referred to was delivered to Gibson, or acted upon by him. The order was dated prior to the awarding of the contract to Cash Brothers, and how it was foreseen that they would be the successful bidders is not disclosed. There is no evidence that the warrant was delivered to Gibson, nor that he received the proceeds therefrom. Neither was it shown that the signature "L. C. Gibson" on the back of the warrant was in the handwriting of Gibson, nor that Cash Brothers indorsed the warrant. We are unable to draw the inference from the evidence contained in this record that Gibson received a consideration for signing the petition, and hence decline to discuss the question of estopppel at this time. The evidence under review being "written evidence," the finding of the lower court thereon does not have the binding effect upon this court claimed for it by appellee's counsel. *Faulkner v. Simms,* 68 Neb. 299. The evidence, as now presented, is insufficient to sustain the finding that Gibson was estopped from questioning the validity of the special assessment, and we recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.