CITY SAFE DEPOSIT & AGENCY COMPANY ET AL., APPELLANTS, V. CITY OF OMAHA, APPELLEE.

FILED JUNE 22, 1907. No. 14,889.

1. **Eminent Domain: APPRAISAL: LIENS: ESTOPPEL.** A purchaser of property at judicial sale is estopped to deny the validity of liens deducted from the appraisement, and the same rule applies to a city taking title by eminent domain, where it is provided in the judgment of appraisal that there shall be no deductions from the award "for taxes or special assessments, the said land being taken by the city subject to all special and general taxes against the property."

2. **Tax Sale: EFFECT.** The lien for taxes is not satisfied by a statutory sale of the property for the same, nor by the payment of prior or subsequent levies by the purchaser. Such sale only operates to transfer the lien to the purchaser.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed.*

*E. W. Simeral* and *J. W. West,* for appellants.

*H. E. Burnam, I. J. Dunn* and *John A. Rine,* contra.

CALKINS, C.

In January, 1896, one Phœbe Linton, being the owner of certain lots in the city of Omaha, executed a mortgage thereon to one John Morris. In May, 1898, Morris began an action to foreclose this mortgage. The defendant answered, attacking the validity of the mortgage, but the action resulted in a decree in favor of Morris, which was entered April 19, 1904. The taxes on the mortgaged premises being unpaid, Morris caused the same to be pur-

chased at tax sale in December, 1898, by the plaintiff, in whose name the certificate of sale was made and subse-. quent taxes paid. In 1899 the city of Omaha condemned the mortgaged property for boulevard purposes, appraising their value at $1,900. From this appraisement the owner of the property and the mortgagee appealed to the district court, which on March 21, 1902, rendered a judgment, in which it was provided that "the award of $1,900 appealed from shall stand, and no deduction shall be made from the award for the land appropriated for taxes or special assessments, the said land being taken by said city subject to all special and general taxes against said property." This action was brought against the city to recover the taxes and special assessments against said property, and resulted in a decree for the defendant. The plaintiff appeals.

The contention of the defendant is that, while the mortgagee had a right to pay the taxes on the land in question or to redeem the same from tax sale, the amounts of money expended by him for such purpose did not constitute a separate cause of action either against the mortgagor or the land, but became and were a part of the mortgage debt, and could only be enforced as such. The plaintiff claims that the rule so invoked is not applicable to the facts in this case; and, further, that the city, having taken the land subject to the taxes and assessments, and having thereby secured a corresponding reduction in the amount of the appraisement, is estopped to say that Morris should have enforced the lien for taxes in the foreclosure suit. There has been an extended argument on the first proposition, but, in view of the conclusion at which we have arrived upon the question of estoppel, it will not be necessary for us to determine the question so presented in this case. At the time of the rendition of the judgment of the district court upon the appeal from the appraisement, the foreclosure suit was still pending, and was not finally disposed of until two years afterwards. The effect of the judgment in the appraisement

case was to segregate the mortgage debt from the claim for taxes. The mortgage debt, if sustained, was left to be paid out of the cash award, from which nothing was to be deducted for taxes and assessments, these remaining a charge upon the lots, and to be paid by the party succeeding to the title, which in this case was the city. But for this judgment the mortgagee might have asserted his claim for taxes in the foreclosure suit at any time during the two years preceding the final decree therein. After the judgment in the appraisement proceedings, it is extremely doubtful whether he could have done so. If he had made the attempt, the defendants in the foreclosure suit might well have set up the decree in the appraisement case to show that the taxes and assessments should be charged upon the interest which had passed to the city, rather than upon the fund which had been awarded for their benefit free from tax liens. A private purchaser, securing a reduction in the price by taking property subject to liens for taxes and assessments, is estopped to say that the taxes and assessments should have been paid by his vendor, or to set up any defense which is purely personal to the grantor. The mortgagor was under a moral obligation to repay to the mortgagee the amount which he had expended to protect his security from extinguishment by the superior lien of the taxes and assessments, and the city, having received an abatement from the price of the property on account of the lien, is in no position to contest its validity or refuse its payment. This doctrine has frequently been applied to purchasers at judicial sales, who are held to be estopped to deny the validity of liens deducted from the appraisement; and no reason is suggested why it is not equally applicable to cities acquiring title by eminent domain. *Skinner v. Reynick,* 10 Neb. 323; *Koch v. Losch,* 31 Neb. 625; *Arlington Mill & Elevator Co. v. Yates,* 57 Neb. 286; *Battelle v. McIntosh,* 62 Neb. 647; *State v. Several Parcels of Land,* 77 Neb. 707.

Counsel for the defendant argues that, the city hav-

ing received the proceeds of the tax sale and subsequent taxes paid by the purchaser, the same were therefore to be considered as paid, and not as liens outstanding against the property. The sale of property to a tax purchaser does not divest the lien. It merely transfers it to the tax purchaser. It is well settled, that, even in cases where the certificate and sale are void, the lien is transferred to the purchaser. *Roads v. Estabrook,* 35 Neb. 297, 53 N. W. 64; *Grant v. Bartholomew,* 57 Neb. 673.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance therewith.

REVERSED.