REQUESTED BY: Ronald D. Lahners, Lancaster County Attorney, Lincoln, Nebraska.
Where a property has been sold at a public or private sale pursuant to section 77-1801, et seq., R.R.S. 1943, and a certificate of purchase issued, must a county treasurer, where taxes for subsequent years become delinquent without payment, again place the property on the delinquent tax list and if so, issue a certificate of purchase for taxes on the property?
Yes.
Your question deals with a situation in which a purchaser, under sections 77-1807 or 77-1814, R.R.S. 1943, buys a tax sale certificate required to be issued pursuant to the provisions of Chapter 77, article 18, by paying the amount of taxes due on any parcel of land or town lot. This results in payment for the annual tax by someone other than the owner, the purchaser of a lien for the amount paid.
A public sale is held during a specific period of the year. After the public sale is held and the treasurer certifies that the remaining parcels were not sold for want of bidders. He is then authorized to conduct a private sale. The certificate which is issued is provided for under section77-1819. The certificate states the purchaser, what property was sold, when it was sold, for how much, the interest to be allowed, and the time at which the holder will be entitled to a deed. If held for the statutory period, the certificate holder may then commence proceeding to receive the issuance of a treasurer's deed. This assumes, of course, that the property is not redeemed and compliance with all required statutory procedures.
Generally, we are informed, it is the practice, once a person purchases a tax sale certificate to pay subsequent taxes and interest accruing after purchase of the original certificate. In fact this is required prior to the issuance of a tax deed by the treasurer.
The situation which you ask us to address our attention arises where subsequent taxes are not paid. At that time a question may arise when a different individual comes and wants to purchase a certificate for subsequent delinquent taxes. The question seems to be whether or not the original certificate holder has some right not to have subsequent taxes paid by a different individual who would then secure a new tax sale certificate.
In order to answer this question we must consider exactly what interest is conveyed to a purchaser of a tax sale certificate. As early as City Safe Deposit Agency Co. v.City of Omaha, 79 Neb. 446, 112 N.W. 598 (1907), our Supreme Court indicated the sale of a certificate to a tax purchaser transfers to the purchaser a lien. Assuming redemption occurs, the purchaser of a tax sale certificate is entitled to no more than the money he paid plus the costs and interest. Of course, the certificate also confers a potential right to a deed to the property. But that right does not ripen until the statutory period has expired and all requirements of the statute have been met. Until such time the purchaser of a tax sale certificate has nothing more than a lien for the amount of money that he has invested in the tax sale certificate and the interest authorized by law.
Assuming that a subsequent year goes by, taxes become delinquent, and neither the owner nor the purchaser of the tax sale certificate pays that years delinquent taxes, then any other person wishing to purchase a tax sale certificate on that property may do so. The subsequent purchaser would extinguish no right owned by the prior purchaser. The prior purchaser would still have his lien against the property for the amount expended and his right to have a deed issued at the expiration of the time provided by law. At that time all taxes which were delinquent, including those held by the subsequent tax certificate purchaser, would be required to be paid under the statutory provisions.
This conclusion is reenforced by the provisions of section77-1801, which provides:
 "All real estate on which the taxes shall not have been paid, as provided by law, on or before the first Monday of November, after they become delinquent, shall be subject to sale on or after said date."
and section 77-1802, which provides, in part:
 "The county treasurer shall, not less than four nor more than six weeks prior to the first Monday of November in each year, make out a list of all lands and town lots subject to sale and the amount of all delinquent taxes against each. . ." (Emphasis supplied.)
These statutes do not provide any exceptions. If the tax is delinquent it must be listed.
If delinquent it is subject to sale. This sequence occurs each year.
We are not ignoring the provisions of section 77-1818
which authorize the endorsement of previous and subsequently delinquent taxes on a tax sale certificate issued. We believe this section is merely for the purpose of allowing the endorsement where payment is made for other delinquent tax years by the certificate holder.
This conclusion is reenforced by Coffin v. Old LineLife Ins. Co., 138 Neb. 857, 295 N.W. 884 (1941), a suit involving a variety of issues. There was a tax sale for the years 1920, 1921, 1922, 1923 and 1924 and payment was made for the years 1925 and 1926 by one party. A subsequent purchaser paid for the tax year 1927. The subsequent tax sale purchaser's interest was protected by the court. Thus, implicitly approving the issuance of multiple tax sale certificates against the same property. This conclusion must follow because the purpose of the tax sale certificate is to collect delinquent taxes. Taxes become delinquent on an annual basis. If the owner does not pay the taxes, anyone wishing to purchase the certificate may. If more than one party wishes to purchase a certificate, on the same property for different years, nothing in the statute precludes such action.
In conclusion, then, the treasurer is required to list all property on which delinquent taxes exist on an annual basis. During the public sale period, if someone comes in to purchase the certificate, the treasurer is required to sell that certificate to the individual offering to pay, notwithstanding the fact that there may be another certificate sold to a previous purchaser against the same parcel. The same rules would apply during the period for private tax sales.