## PUBLIC SCHOOLS OF CITY OF IRON MOUNTAIN *v.* O'CONNOR.

TAXATION—EXEMPTIONS—LANDS ACQUIRED FOR EXEMPT PURPOSE.
Lands acquired by a public school board for school purposes
after the supervisor has assessed them on his roll and the roll
has been approved by the township board of review are sub-
ject to the tax hereafter levied for that year, there being no
officer or board with authority to correct the roll by adding
property to or taking from it after the approval of the board
of review.

Appeal from Dickinson; Stone, J. Submitted Febru-
ary 8, 1906. (Docket No. 119.) Decided February 13,
1906.

Petition by the public schools of the City of Iron Moun-
tain against William O'Connor and James B. Bradley,
auditor general, to set aside a sale of land delinquent for
taxes. From an order overruling a demurrer to the peti-
tion, respondent O'Connor appeals. Reversed, and peti-
tion dismissed.

The petitioner, the public schools of the city of Iron
Mountain, filed its petition to vacate and set aside the de-
cree rendered in the suit brought by the auditor general
for the foreclosure of tax liens, and to cancel and set aside
the deed made upon the sale to the respondent O'Connor.
The facts are as follows: The land was lot 5, block 7, of
the city of Iron Mountain. The supervisor listed it upon
the assessment roll in April, 1901. It was then assessable.
After the completion of his roll the supervisor returned it
to the board of review, which convened the last of May as
the law requires. The board of review approved the roll,
and returned it to the board of supervisors for equaliza-
tion. On July 1, 1901, the petitioner bought the lot for
school purposes. The tax was subsequently duly levied

thereon, and not paid. The lot was returned delinquent and sold at the annual tax sale under the decree of the court. To the petition the respondent demurred upon the ground that at the time of the assessment by the supervisor and the approval of the roll by the board of review, the land was taxable property, and it was the duty of the purchaser to pay the tax. The demurrer was overruled.

*H. M. Pelham*, for petitioner.

*Albert McClatchey*, for appellant.

GRANT, J. *(after stating the facts)*. The land was subject to assessment at the time the supervisor made his roll, and the township board of review passed upon and approved it. No power is lodged in any officer or board to thereafter add any property to, or to take any from, the assessment roll as thus made and approved. There must be some definite period when the purchaser, whose property is generally exempt, must purchase it subject to the tax levied or to be levied thereon. It seems reasonable to hold that that time is when by law there is no power to correct the roll by adding property to or taking any from it. If the land had been conveyed to the petitioner before final action by the board of review it would have been the duty of that board, upon information of the fact, to eliminate it from the roll. So it would have been the duty of the supervisor if it had been conveyed before the completion and return of his roll. Cooley, in his work on Taxation, says:

"It has been decided that where land has become liable for taxes it remains so for that year, although subsequently acquired for purposes rendering it exempt." 1 Cooley on Taxation (3d Ed.), p. 380.

Such was the rule in Iowa. *First Congregational Church* v. *Linn County*, 70 Iowa, 396. A statute in that State was subsequently enacted that all lands exempted from taxation should not be affected by any sale

for taxation, etc.   See *Independent School District* v. *Hewitt*, 105 Iowa, 663.

In New York there were three stages in tax proceedings: (1) The listing and valuation of property between September and January; (2) the correction of assessed valuation between January and May; (3) preparation of the tax books and levying the tax between May and September.   It was conceded that where the property was conveyed during the first period, the owner was entitled to the exemption, and that if conveyed during the third period he was not.   The question arose upon property transferred during the second period, and it was held that the land was subject to taxes because there was no power conferred upon the board of review to add descriptions to or take any from the assessment roll.   *Sisters of Poor of St. Francis* v. *Mayor, etc., of New York*, 51 Hun (N. Y.), 355, affirmed by court of appeals, 112 N. Y. 667. See, also, *Swann* v. *State*, 77 Ala. 545; *Philadelphia* v. *Barber*, 160 Pa. 123.

It is due to the petitioner to say that in its petition it alleges that it had no knowledge of the levy of the tax or of the sale until shortly before the filing of this petition.

Order reversed, and petition dismissed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.