No. 26,065.

THE CITY OF WICHITA, *Appellant,* v. ED ANDERSON, County Treasurer of Sedgwick County, et al., *Appellees.*

### SYLLABUS BY THE COURT.

TAXATION—*Exemption—When Operative.* Property purchased on October 13, 1922, by a city for public purposes is exempt from the payment of taxes for that year.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed July 11, 1925. Reversed.

*Robert C. Foulston* and *George Siefkin,* both of Wichita, for the appellant. *I. N. Williams,* county counselor, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to enjoin the defendant as county treasurer of Sedgwick county and the other defendants as officers of that county, from levying a tax upon real property belonging to the city and from selling that property for the payment of those taxes. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

On October 13, 1922, the plaintiff purchased real property known as Oak Park and immediately went into possession thereof and devoted the property to public park purposes. The deed was not recorded until October 31, 1923. The defendants are attempting to collect the taxes levied thereon for the year 1922.

Valuation, in listing property for taxation, is made during the months of March, April and May. Taxes for state purposes are apportioned in July of each year (R. S. 79-1409); taxes for county purposes are levied in August (R. S. 79-1802); and all city, township and school taxes must be certified to the county clerk prior to August 25 (R. S. 79-1801). Taxes become a lien on real property on the first day of November of each year (R. S. 79-1804).

Article 11, section 1, of the constitution, as amended in 1924, reads:

"The legislature shall provide for a uniform and equal rate of assessment and taxation, except that mineral products, money, mortgages, notes and other evidence of debt may be classified and taxed uniformly as to class as the legislature shall provide. All property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable

purposes, and personal property to the amount of at least two hundred dollars for each family, shall be exempted from taxation."

Part of section 79-201 of the Revised Statutes reads:

"That the property described in this section, to the extent herein limited, shall be exempt from taxation. . . .

"Sixth. All property belonging exclusively to any county, city, town, or school district, except lands bid off for counties or cities at tax sales."

The question to be determined is: Did the purchase of the property by the city on October 13, 1922, by the plaintiff, render that property exempt from taxation for the year 1922? In *Trinity Evangelical Lutheran Church v. Wyandotte County Comm'rs*, 118 Kan. 742, 236 Pac. 809, this court decided that property deeded to a church on March 10, 1921, for a parsonage was exempt from taxes assessed for that year. In that case an examination of pertinent statutes concerning taxation was made, but need not be repeated here. What was there said is persuasive, but not controlling, here. Following and extending the reasoning in that case, it must be held that the property, having been purchased by the city before the taxes became a lien thereon, was thereafter exempt from the taxes of 1922.

The judgment is reversed, and the cause is remanded with directions to render judgment in favor of the plaintiff.