THE COUNTY OF MADISON, APPELLANT, v. SCHOOL DISTRICT No. 2 OF MADISON COUNTY, NEBRASKA, APPELLEE.

27 N. W. 2d 172

Filed April 11, 1947. No. 32166.

*Hadley Kelsey, Andrew D. Mapes, Walter R. Johnson,* Attorney General, and *Erwin A. Jones,* for appellant.

*M. S. McDuffee,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, and CHAPPELL, JJ., and NUSS, District Judge.

SIMMONS, C. J.

In this action plaintiff seeks the foreclosure of tax liens under the provisions of chapter 77, article 19, R. S. 1943. The petition sets out, as ten causes of action, the taxes levied for certain years on ten separate parcels of real estate; and prays for a determination of the amounts due, that the property be sold as upon execution, and for equitable relief.

Issues were made and trial had resulting in a finding that the alleged taxes involved are not enforceable and dismissing plaintiff's petition and causes of action. Plaintiff appeals, assigning error of the court in holding that the defendant is not required to pay taxes on real property acquired by it when such taxes have become a lien thereon prior to the acquisition by the defendant. We affirm the judgment of the trial court.

All the evidence was by stipulation. Questions of fact or pleading are not presented. Tax sale certificates have not been issued. The action is to foreclose the tax lien.

The defendant is a school district operating under the laws of the state, its district boundaries including the city of Norfolk (population as of 1940, 10,490) and some adjacent territory. The defendant owns and uses all of the real property involved for school purposes. The records in the offices of plaintiff county show the taxes against the property and that they are unpaid.

The taxes involved fall into three classifications. The issues can be more clearly stated by following the classifications and determining the issue presented as to each classification. The stipulations are insufficient for us to consider here the various methods by which the defendant became vested with the titles involved.

Classification 1. The defendant secured the title in the taxing year before the date of the levy of the tax. All of the taxes involved in the first, fourth, and eighth causes of action, and a part of the taxes involved in the sixth, seventh, and tenth causes of action are in this classification. Article VIII, section 2 of the Constitution, provides in part: "The property of the state and its governmental subdivisions shall be exempt from taxation." See § 77-202, R. S. 1943. It need not be demonstrated that the defendant school district is a governmental subdivision. Substantially, the question presented as to the taxes and lands involved in this classification has been decided in American Province of the Servants of Mary Real Estate Corporation v. County of Douglas, 147 Neb. 485, 23 N. W. 2d 714. It follows that the trial court did not err in dismissing plaintiff's cause insofar as the alleged taxes involved in the first classification are concerned.

Classification 2. The defendant secured the title by deed in the taxing year after the date of the levy of the tax. A part of the taxes involved in the third cause of action and all involved in the fifth and ninth causes of action fall into this classification. The date of the delivery of the deeds is not shown. In the third cause of action the deed is shown recorded August 14, 1914; in the fifth cause of action the deed is shown recorded August ·17, 1931; and in the ninth cause of action the deed is shown recorded October 1, 1942. For the purposes of this opinion we consider these dates as the time title passed.

In 1903, the Legislature enacted the following: "Taxes on real property shall be a first lien thereon from and

including the first day of October of the year in which they are levied until the same are paid." Laws 1903, ch. 73, § 14, p. 390, appearing as § 4935, Comp. St. 1907 and § 6302, Rev. St. 1913. In 1919, this act was amended as to a matter not material here. Laws 1919, ch. 163, § 1, p. 367. In 1921, this act was repealed and re-enacted in this language: "Taxes on *all* real property shall be a first lien thereon from and including the first day of *December* of the year in which they are levied until the same are paid, except * * * ." (The emphasized words indicate the changes.) Laws 1921, ch. 133, art. II, § 3, p. 547. This became section 77-203, Comp. St. 1929. In 1933, this act was repealed and chapter 134, Laws 1933, section 1, page 514, enacted providing: "Taxes on real property shall be a first lien thereon from and including the first day of January next following the date upon which the same may be levied, and until the same are paid." This language was contained in chapter 151, Laws 1935, section 1, page 557; in chapter 167, Laws 1937, section 2, page 637; in chapter 98, Laws 1939, section 2, page 422; and in chapter 157, Laws 1941, section 2, page 608. In the 1943 revision, the language is: "All general real property taxes levied for the state, or for any county, city, village or other political subdivision therein, shall be due and payable on January 1 next following the date of levy thereof, and commencing on that date shall be a first lien on the real estate taxed until paid." § 77-203, R. S. 1943.

The original act was before us for construction in Taylor v. Harvey, 90 Neb. 562, 134 N. W. 173, wherein we held that "Though general taxes on real estate are assessed and levied before October 1st, they do not become a lien or an incumbrance at an earlier date. * * * The lien of taxes is a creation of the legislature. It attaches only at the time provided by statute." So here the taxes involved, although assessed and levied before defendant became vested with the title, had not attached as a lien at that time. The defendant having received

title free of the lien, the lien did not attach thereafter because there was no taxable property to which it could attach as of the operative date of the statute.

The entire taxing process had not been completed when the defendant secured title. It is to be noted that under our statute the date of the lien is fixed at a date subsequent to the assessment and levy. This case is therefore clearly distinguishable from those cases where the statute fixed the lien date at and relates it back to a time prior to the assessment and levy, such as in the case of United States v. Alabama, 313 U. S. 274, 85 L. Ed. 1327, 61 S. Ct. 1011.

An almost identical case, both as to facts and applicable statutes, was presented to the Supreme Court of Kansas in City of Wichita v. Anderson, 119 Kan. 241, 237 P. 1024. That court held that the property was exempt, it having been purchased by the governmental subdivision before the taxes became a lien thereon. We agree with the conclusions there reached.

It follows that the trial court did not err in dismissing plaintiff's cause insofar as the alleged taxes involved in the second classification are concerned.

Classification 3. The defendant secured the title in a year following the taxing year or years in which the taxes were levied and became a lien upon the land. The taxes involved in the second cause of action and a part of those involved in the third, sixth, seventh, and tenth causes of action are in this classification.

The first question presented as to the taxes included in this classification is this: Is the lien of the tax dissolved and the property discharged therefrom because of the fact of purchase by a governmental subdivision? If that question is answered in the negative, then the question comes: May the lien be enforced by a sale of the property? We consider the questions in that order.

We have been cited to two of our decisions. The first is City Safe Deposit & Agency Co. v. City of Omaha, 79 Neb. 446, 112 N. W. 598. The decision there turned

upon the rule of estoppel. That question is not presented here. The second, Fontenelle Forest Association v. Sarpy County, 118 Neb. 725, 226 N. W. 327, was an action, as stated in the opinion, "* * * to cancel certain taxes, or assessments, levied against the property of plaintiff, and to enjoin county officials from collecting such taxes or thereafter attempting to levy any taxes upon the association's property." The question presented, and the facts recited in the opinion, do not present the question we have here. It is urged in the briefs here that there were taxes involved in that case which had been assessed and become a lien prior to the date of the acquisition by the association. We are asked to relate that decision to the fact situation stated in the briefs but not stated in the opinion. The rule is: "* * * the controlling effect of a decision must relate to the factual condition as stated in the opinion. To go behind facts so stated and materially to change the fact basis is to remove the decision as an authority." International Harvester Co. v. County of Douglas, 146 Neb. 555, 20 N. W. 2d 620. We do not deem the Fontenelle case as a precedent to be considered in the decision here.

There are many cases where courts have considered similar questions determining them sometimes separately, sometimes together. There are decisions holding that title secured by the state or one of its subdivisions passed free from the lien of the taxes that attached while the property was in private ownership. In some of the decisions the distinction is not made between taxes, a lien when the property was acquired, and taxes levied subsequent thereto. Some of the decisions find a difference between taxes which were a lien upon property acquired by a governmental subdivision and property acquired by those agencies that are permissively exempt, such as educational, religious, and charitable organizations (see article VIII, section 2 of our Constitution). Some of them consider the tax lien merged in the fee title. Some say the state should not be required to tax it-

self to pay taxes previously assessed. Some base the decision on grounds of public policy. Some use one or more of these reasons. They come to the conclusion that the property cannot be sold to compel payment of the tax. See City of Laurel v. Weems, 100 Miss. 335, 56 So. 451; State v. Locke, 29 N. M. 148, 219 P. 790; State v. Galyon, 154 Okl. 204, 7 P. 2d 484; City of Harlan v. Blair, 251 Ky. 51, 64 S. W. 2d 434; State v. County of Minidoka, 50 Idaho 419, 298 P. 366; State v. Snohomish County, 71 Wash. 320, 128 P. 667; State v. County of Maricopa, 38 Ariz. 347, 300 P. 175; Halvorsen v. Pacific County, 22 Wash. 2d 532, 156 P. 2d 907.

There also are decisions where the court refused to determine the effect of the transfer on the lien and held that in any event it was unenforceable by a proceeding against the property. State v. Reed, 47 Idaho 131, 272 P. 1008; Foster v. City of Duluth, 120 Minn. 484, 140 N. W. 129; State v. Burleigh County, 55 N. D. 1, 212 N. W. 217.

There also are cases holding that when a government or a governmental subdivision purchases property upon which there exists a lien for taxes, and the lien is not extinguished, it takes it subject to the lien to the same extent as would a private purchaser. United States v. Alabama, *supra;* Triangle Land Co. v. City of Detroit, 204 Mich. 442, 170 N. W. 549, 2 A. L. R. 1526; City of Santa Monica v. Los Angeles County, 15 Cal. App. 710, 115 P. 945; State v. Salt Lake County, 96 Utah 464, 85 P. 2d 851; In re Graley's Estate, 183 Wash. 268, 48 P. 2d 634; Childress County v. State, 127 Tex. 343, 92 S. W. 2d 1011; Public Schools of City of Iron Mountain v. O'Connor, 143 Mich. 35, 108 N. W. 426; City of Puyallup v. Lakin, 45 Wash. 368, 88 P. 578.

We have not undertaken in the above summary of the cases to point out the distinctions made by the courts in the decisions but rather to classify the cases as to results.

We are in accord with the conclusions reached by the latter group of decisions.

Our Constitution provides: "The property of the state and its governmental subdivisions shall be exempt from taxation. (Next follows provision for exemptions not involved here.) No property shall be exempt from taxation except as provided in this section." Art. VIII, § 2. See § 77-201, R. S. 1943. As has been pointed out, the statutes provide when general real property taxes shall become a lien and that they shall continue to be a lien until paid.

The meaning of these provisions is clear. The property of the state and its governmental subdivisions is not subject to taxation. Certain other property not involved here may be or is exempted from taxation. No other property is exempt. It is to be taxed. There is not involved here any effort to tax the property of the defendant school district. This is an effort to enforce a tax lawfully a lien on property when in private ownership, and for a period when it could not constitutionally have been exempted from taxation.

Our Constitution further provides: "The Legislature shall have no power to release or discharge any county, city, township, town or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any muncipal corporation, nor shall commutation for such taxes be authorized in any form whatever." Art. VIII, § 4.

Section 77-1737, R. S. 1943, provides: "No county or town board, city council or village trustees shall have power to release, discharge, remit or commute any portion of the taxes assessed or levied against any person or property within their respective jurisdictions for any reason whatever."

If we were to hold that the lien of the tax was dissolved and extinguished merely because the property subsequently became the property of the school district, we would, by judicial decision, be approving in effect that which the Constitution and the statute prohibit.

The defendant district is not the only subdivision of government that is a beneficiary of the taxes here involved. A portion of these taxes are due to the state, a portion to the county, a portion to the school district, and perhaps to other subdivisions. There can be no merger of a lesser estate in a greater estate under these circumstances.

If we were to hold that the lien of the tax is dissolved and the property passed free from the lien, and if in determining the sale price the amount of the tax was deducted from the value of the land, the result would be the enriching of the defendant school district at the expense of the other units entitled to the benefit of the tax. The effect would be to take the property of one unit of government and hand it to another. That the courts have no authority to do. On the other hand, if at the time of the sale, the amount of the tax was not deducted in determining the value of the land and the value paid to the vendor, then to the extent that the sale price was determined as for property free from the lien, the vendor would be receiving in effect a remission of the tax. That result clearly is forbidden by the Constitution and statute. If the property passes burdened by the lien, then neither of these results will follow either in whole or in part.

We are clearly of the opinion that when the title to the property in this classification passed to the defendant district, it passed subject to the burden of the tax and is so held until that burden is discharged.

This brings us to the question as to whether or not the plaintiff can enforce the lien in this proceeding by a sale of the property.

Under the provisions of chapter 77, article 19, R. S. 1943, the procedure, except as provided in the act, is in the same manner and to the same effect as in the foreclosure of real estate mortgages. § 77-1901, R. S. 1943. It contemplates the sale of the lands if not redeemed. § 77-1911, R. S. 1943.

The plaintiff calls attention to section 25-1555, R. S. 1943, providing: "Nothing in this chapter shall be considered as exempting any real or personal property from levy and sale for taxes." The chapter deals with executions and exemptions.

As a general rule in the absence of a statute expressly granting such right, the land and property of the state or its agencies or political subdivisions is not subject to seizure under general execution. General statutory provisions making property subject to execution are construed to apply only to the property of private persons or corporations, and not to that of the state or its governmental subdivisions. 33 C. J. S., Executions, § 35, p. 164; 21 Am. Jur., Executions, § 457, p. 229.

The public policy of this state is clearly in accord with this rule. From territorial days to the present time this state has had a statutory method of compelling the payment of judgments secured against governmental subdivisions. §§ 77-1619 to 77-1623, inclusive, R. S. 1943.

We conclude that the real property of the defendant district held and used for school purposes cannot be sold to satisfy the lien of the tax under the provisions of chapter 77, article 19, R. S. 1943.

The method of enforcing the collection of taxes is a matter for legislative determination. 61 C. J., Taxation, § 10, p. 81; 51 Am. Jur., Taxation, § 980, p. 859. Chapter 77, article 19, R. S. 1943, is a statutory procedure for the enforcement of taxes by foreclosure proceedings. It is a procedure enacted and designed to accomplish a particular purpose. From beginning to end it contemplates the ultimate sale of the property, if need be, to satisfy the tax. But the property here involved cannot be so sold. The tax is not a debt of the district in the ordinary acceptation of that term. The question of how much the district should be required to pay because of the lien on the property which it holds is not within the issues in this action. It cannot properly be determined in this action.

We have not overlooked the provisions of sections 77-1901 and 77-1902, R. S. 1943, which provide that these actions shall proceed in the same manner and with like effect as in the foreclosure of real estate mortgages, except as otherwise provided in the act. We discussed similar language in Douglas County v. Barker Co., 125 Neb. 253, 249 N. W. 607, and held that it invoked equitable jurisdiction, implied the exercise of equitable powers, and authorized a suit in equity for the foreclosure of tax liens. But the authority is so limited.

We are of the opinion that the remedy invoked by the plaintiff is not applicable here. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

WENKE, J., participating on briefs.