JEFFERSON POST NO. 15, AMERICAN LEGION, DEPARTMENT OF KEN-TUCKY, Appellant,

v.

CITY OF LOUISVILLE et al., Appellees.

Court of Appeals of Kentucky.

June 24, 1955.

Henry J. Stites, Ford Fishback, Ephraim K. Lawrence, Jr., Louisville, C. E. Lopez, St. Matthews, for appellant.

S. M. Russell, Frances M. Thompson, Charles W. Dobbins, James E. Thornberry, Louisville, for appellees.

CULLEN, Commissioner.

The judgment below, from which Jefferson Post No. 15 of the American Legion has appealed, dismissed the action of the Post, in which it had sought to enjoin the collection of city, county and state ad valorem taxes for the year 1954 upon certain real estate owned by the Post in the City of Louisville, and in which it had further sought a declaration that the Post is a charitable or educational institution so as to be exempt from taxation under Section 170 of the Constitution of Kentucky. We are affirming the judgment, but upon a basis different from that relied upon by the circuit court.

The theory upon which the circuit court dismissed the action was that the only remedy available to the Post was through the statutory procedure for review

of assessments set forth in KRS 133.120, and that the court had no jurisdiction to entertain an independent action for an injunction and for a declaratory judgment. A similar theory was adopted by the same circuit court in a recent case involving Iroquois Post No. 229 of the American Legion, but upon appeal this Court rejected the theory and held that the statutory remedy was not exclusive. Iroquois Post No. 229, American Legion v. City of Louisville, Ky., 279 S.W.2d 13. Accordingly, the ground relied upon for the judgment in the instant case cannot be upheld. However, for the reasons hereinafter set forth, we think the judgment properly dismissed the action.

The real estate in question is a building purchased by the Post for the purpose of carrying on its various activities. The contract for the purchase of the building was entered into prior to January 1, 1954, but the purchase transaction was not completed and the deed executed until January 20, 1954, and it appears from the pleadings that the Post did not take possession of the building prior to the latter date.

The state and county taxes for 1954 were based upon an assessment date of January 1, 1954, while the taxes of the City of Louisville for 1954 were based upon an assessment date of January 1, 1953. However, for the purposes of this discussion we will assume that the assessment date for all of the taxes was January 1, 1954.

The Post argues that its claimed exemption, as a charitable or educational institution, became operative immediately upon its acquisition of the property, and was effective to relieve the Post from all taxes becoming due thereafter, regardless of assessment date. Failing this contention, the Post maintains that even if the question of who owned the property on the assessment date be considered as controlling, the Post was the equitable owner on January 1, 1954, by virtue of its contract to purchase.

While there is a divergence of authority on the question, the prevailing view seems to be that the date as of which the *lien* for the taxes of a particular year attaches is controlling as concerns the allowance of an exemption from the taxes of that year. Accordingly, if by statute the lien attaches on the assessment date, and on that date the ownership of the property is in a person having no claim to exemption, the property is liable for the taxes based on that assessment, regardless of the fact that before the taxes become due, or even are levied, the ownership of the property passes to an exempt organization. See United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327; 51 Am.Jur., Taxation, sec. 538, p. 538; Note, 63 A.L.R. 1332.

It should be noted, at this point, that many courts apply, to property that is exempt by reason of *governmental* ownership, a different rule from that applied to property that is exempt because of ownership by a charitable or educational organization. In fact, it appears that the majority rule is that the acquisition of property by a governmental unit operates to extinguish prior tax liens. See Note, 158 A.L.R. 563. This rule seems to have been followed in City of Harlan v. Blair, 251 Ky. 51, 64 S.W. 2d 434. However, the basis for the rule seems to be either a theory of merger, or that it would be futile to require the governmental unit to pay the tax because the money with which to pay the tax would itself have to come from taxation. Obviously, neither of these theories would be applicable to a charitable or educational organization.

We are inclined to the view that ownership on the lien date should control the matter of exemptions for charitable or educational organizations. Under our statute, KRS 134.420, it is clear that the lien attaches as of the assessment date, so the assessment date constitutes the lien date. The question, then, is whether the Post was the "owner" of the property in question on January 1, 1954 (the lien date for 1954 taxes).

As far as the record shows, the Post had no interest in the property, on January 1, 1954, other than the right to

acquire the property upon paying an agreed purchase price. The Post had not occupied the property and was not devoting it to use.

In People ex rel. Thompson v. St. Francis Xavier Female Academy, 233 Ill. 26, 84 N.E. 55, an educational institution had contracted to purchase property before the tax lien date, but the balance of the purchase price was not paid, and the deed executed, until after the lien date. The Illinois Supreme Court held that the property was liable for the taxes. A somewhat similar holding was made by this Court in German Bank v. Louisville, 108 Ky. 377, 56 S.W. 504. There, a bank had purchased real estate at a judicial sale in August, prior to the September 1 lien date, but the sale was not confirmed until November. The statutes at that time provided that banks should pay a tax on their capital stock and surplus, in lieu of all other taxes, so if the bank should be considered the owner of the property on September 1, it would have been exempt from tax. This Court held that the bank was not the owner on September 1, and that the property was liable for the current tax.

We are of the opinion that the mere contract right of purchase, held by the Post on January 1, 1954, was not enough ownership to sustain an exemption from 1954 taxes.

The foregoing discussion has been predicated upon an assumption that the Post could be classified as a charitable or educational institution. Of course, that question has not been determined. There are several reasons why we think it proper that the question not be determined in this particular action. The action originated as one seeking relief from 1954 taxes only, and as we have indicated, the charitable or educational character of the Post is not determinative of that relief. Whether the Post is entitled, as a charitable or educational institution, to exemption from taxes for future years, is a question that will depend largely upon the facts developed as to its activities and the utilization of its property at the time the exemption is sought. Louisville Garage Corporation v. City of Louisville, 303 Ky. 553, 198 S.W.2d 40; German Gymnastic Association v. City of Louisville, 306 Ky. 810, 209 S.W.2d 75. Any determination made in this action would not be conclusive as to future years.

The judgment is affirmed.