In the Matter of the DELINQUENT TAX ROLL OF THE CITY OF ANCHORAGE FOR THE YEAR 1954.

APPLICATION OF THE ANCHORAGE INDEPENDENT SCHOOL DISTRICT for an Order Directing Sale of all Properties Listed in the Delinquent Tax Roll of Said District for the Fiscal Years 1951–1952, 1952–1953, 1953–1954, 1954–1955; Said Roll Being Known as the Delinquent Tax Roll of the Anchorage Independent School District for the Year 1955.

Nos. A–10396, A–11097.

District Court, Alaska. Third Division, Anchorage.

May 9, 1956.

John Rader, Anchorage, Alaska, for petitioner City of Anchorage.

E. L. Arnell, Anchorage, Alaska, for petitioner Anchorage, Independent School District.

Edgar P. Boyko, Anchorage, Alaska, for Chugach Electric Ass'n, Inc., taxpayer.

McCARREY, District Judge.

These two cases have been consolidated because of a common question of law for the sole purpose of determining a motion to dismiss.

The City of Anchorage, a municipal corporation, in cause No. A–10,396, petitioned the court to foreclose its tax lien

for the year 1954, and the Anchorage Independent School District, in cause No. A–11,097, petitioned the court to foreclose its tax liens for the years 1951–1952, 1952–1953, 1953–1954, 1954–1955.

The Chugach Electric Association, Inc., is an Alaskan non-profit cooperative association, organized for the purpose of participating as a cooperative under the Rural Electrification Administration Act of 1936, as amended, 7 U.S. C.A. § 901 et seq.

While the Chugach Electric Association, Inc., supplies electricity and electrical service to rural areas on monies borrowed from the Rural Electrification Administration, the generating plant itself and accompanying facilities are located inside the corporate limits of the City of Anchorage, and were constructed upon leased ground, within the yards of the Alaska Railroad, in a joint participation undertaking with the Alaska Railroad. The latter is a government-owned railroad that operates under the direction and by virtue of congressional authority granted to the Department of the Interior. 48 U.S.C.A. § 301 et seq.

A portion of the electricity used by the cooperative is generated within the yards of the Alaska Railroad (supra) and is transmitted over lines into the rural areas served by the cooperative. The generating plant of the cooperative, and a portion of the cooperative transmission lines, are likewise located within the boundaries of the Anchorage School District.

In the motion to dismiss, the movant taxpayer, Chugach Electric Association, Inc., originally based its motion upon several procedural defects, and other grounds hereinafter designated. However, these alleged procedural defects have now been waived upon stipulation by the cooperative.

The remaining grounds upon which the motion to dismiss is based are as follows: (1) The cooperative is a governmental instrumentality and, therefore, is not taxable; (2) Its property is located wholly within the Alaska Rail-

road Reserve with title being in the Government and, therefore, is not taxable; (3) The cooperative has been granted specific immunity from taxation by the Territorial Legislature.

Only point number 3 will be considered, since a favorable determination for the movant on any one of the three points would be controlling.

In 1949, the Territorial Legislature passed an act entitled "Alaska Property Tax Act" and provided, among others, the following exemptions: "The property of the United States, of the Territory, and of any municipal corporation, independent school district, incorporated school district, public utility district and association operating utilities *under arrangement with the Rural Electrification Administration, shall be exempt hereunder.*" (Emphasis supplied.)  Chap. 10, Session Laws of Alaska 1949, Sec. 6(b).

In 1953, the legislature repealed the "Alaska Property Tax Act."  Chap. 22, Session Laws of Alaska 1953.

The same legislature passed a tax act "authorizing and empowering Cities, Municipalities, School Districts, Public Utility Districts and other taxing units to classify property for the purpose of taxation and authorizing the granting of exemptions to certain classes of property; *making exemptions granted and classifications made under Chapter 10, Session Laws of Alaska, 1949, binding upon such taxing units;* and declaring an emergency." (Emphasis supplied.)  (See introductory clause, Chapter 33, Session Laws of Alaska 1953.)

Section 3 of the same act passed by the 1953 legislature concerning taxation provides as follows: "*All exemptions granted in whole or in part, and all classifications heretofore made under the provisions of Section 6, Chapter 10, Session Laws of Alaska 1949, shall remain in full force and effect upon the terms and for the periods granted, and shall be binding upon the Territory, and all cities, municipalities, school districts, public utility districts and other*

*taxing units in which the property which is the subject of classification or exemption is situated, and the exemptions granted* or classifications so made *shall apply to all taxes levied and assessed by the city, municipality, school district, public utility district or other taxing units where the property is situated, as fully as though they had been granted or made under the provisions of this act.* The purpose and intent of this section is to carry into practical effect all classifications made and *exemptions granted under the provisions of Chapter 10, Session Laws of Alaska 1949."* (Emphasis supplied.)

"All acts and parts of acts in conflict herewith are hereby repealed to the extent of the conflict." See Sections 3 and 5, Chap. 33, Session Laws of Alaska, 1953.

The City of Anchorage opposes point number 3 principally on the bases of:

a. Statutory construction;

b. The exemption claimed is in violation of the Territorial Organic Act;

c. The exemption purportedly granted to an association " * * * under arrangement with the Rural Electrification Administration * * * " is invalid.

The Anchorage Independent School District opposes the same point upon the bases of:

a. Statutory construction;

b. Legislative intent;

c. The claimed exemptions would not apply to a tax not asserted.

Prior to the Alaska Property Tax Act, the Independent School District of the Territory of Alaska levied and collected taxes under legislative authorization set forth in 37–3–23, A.C.L.A.1949, and 37–3–53, which, among other things, denominated exemptions of the school tax, while the municipalities levied and collected taxes and gave exemptions through the legislative authorization of 16–1–35,

subd. 9, as amended, and 16–4–1, A.C.L.A.1949, 48 U.S. C.A. § 44.

The Alaska Property Tax Act of 1949, supra purports to be a general codification of the tax law in the Territory of Alaska and clearly enumerates the exemptions, supra. I do not believe that the word "codification" can be considered as being used in a "strained" sense, for, in Section 3, the law states: " * * * there shall be assessed, collected and paid, *a tax upon all real property and improvements and personal property in the Territory * * *.*" (Emphasis supplied.) Then in Section 4 of the Act is found this language: "The tax levied under the provisions of Section 3 upon the property within the limits of an incorporated city or town, independent school district or incorporated school district in the Territory shall be assessed, collected and enforced in the manner prescribed by the property tax law of the municipality or district * * * " and "All of the tax levied under this Act which is so collected *shall be remitted to such municipalities or school districts as follows: * * *.*" (Emphasis supplied.)

Counsel for the petitioners have urged upon the court the theory that the legislature did not intend, by Chapter 10 of the 1949 Session Laws, to limit the general taxing power of the municipalities, school districts, etc. Their arguments fall under their own weight since it cannot be said that the legislature intended that the 1% authorized by this act would be in addition to that authorized to the municipalities and independent school districts enumerated above. Thus, the only reasonable interpretation which one can give to the intent of the legislature in passing Chapter 10 of the 1949 Session Laws is that it intended to codify, so to speak, all of the basic taxing laws into one general act, which they named the "Alaska Property Tax Act", wherein they granted certain exemptions. To give any other interpretation would result in the property of an association " * * * operating utilities under arrangement with the Rural Electrification Administration

* * *" being taxed by the Territory of Alaska outside of any municipality, independent school district, incorporated school district or public utility district; yet, at the same time, such an "association" could not be taxed within the boundaries of the foregoing taxing entities.

It is true that the statutes under which taxes are levied and collected by the municipalities and the school districts here in the Territory of Alaska are not referred to specifically by a cross reference. However, when all of the acts are viewed as a whole and construed together, the legislature's intent is clear.

█ I am of the opinion that Chap. 10 of the Session Laws of Alaska 1949, is legislation passed under the broad, general taxing powers of the sovereignty of the Territory of Alaska, and while I find that the exemption given to associations operating utilities under an arrangement with the R. E. A. is somewhat broad, loose, and a general term not readily or easily defined, I find that this exemption does apply to the movant, Chugach Electric Association, Inc.

█ Counsel for the petitioner, City of Anchorage, urges that since the Rural Electrification Administration is not limited under the federal law creating it to " * * * the lending of funds to cooperatives", such an exemption as provided in the laws of the Territory of Alaska could not " * * * be applied with fairness because of the indefiniteness of the term." (See City petitioner's brief under Section 4 at page 8.) I cannot accept this as a logical argument for the reason that the tax exemption being considered in this case is limited to those associations which operate "utilities" under an "arrangement" with the R. E. A.; hence, the possible vested authority of R. E. A. to perform another function other than to supply utilities is immaterial in the final analysis and determination of the case before the court.

██ I find such a classification of the property exempt under the law here in question to be a reasonable one,

and should the municipalities, independent school districts, etc., of the Territory of Alaska be aggrieved by such a law covering this exemption, their recourse is with the legislature.

The petitioners make much of the case of the Inter-County Rural Electric Cooperative. Corporation v. Reeves, 1943, 294 Ky. 458, 171 S.W.2d 978, 981, in which case the court held that an exemption under the Kentucky Constitution, § 171, which required " * * * and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws", was held to be unconstitutional. I am not greatly moved by this argument for the reason that the Alaska Organic Act, 48 U.S.C.A. § 78, requires only that " * * * all taxes shall be uniform upon the same class of subjects", supra. A comparison of the two acts distinguishes the applicability of the petitioners' argument, since the constitutional requirements are different. I am of the opinion that the requirement of the Kentucky Constitution in determining the constitutionality of a tax law is that the tax must be assessed uniformly on the same class of property, and, therefore, the only way the property could be exempt would be if the cooperative were considered to own public property, which it is obvious that it did not and, thus, they were liable for taxes. In the Organic Act requirement of the Territory of Alaska is the provision that all persons of a certain class must be treated uniformly. In the case before the court, in referring to "the same class of subjects", supra, the language of the exemption statute reads: " * * * arrangement with the Rural Electrification Administration * * *", supra. The choice of this language is unfortunate; however, it would appear to be a reasonable classification; thus, all cooperatives having *"arrangements"* with the Rural Electrification Administration must be treated alike.

■ The petitioners argue in their briefs that it is "\* \* \* a fundamental rule of statutory construction that any enactment must be construed in its entirety, and that any purpose or intent of the legislature must be extracted from all of the provisions, rather than from a single, isolated section." (Page 5 of School District brief.) This I accept as a legal, cardinal principle of statutory construction. United States v. Alpers, 1950, 338 U.S. 680, 70 S.Ct. 352, 94 L.Ed. 457; Great Northern R. Co. v. United States, 1942, 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836.

■ Points of law which I have considered in the determination of this problem are: There is a presumption against the surrender of taxing power, 51 Am.Jur. 526, at p. 529; therefore, the party claiming the exemption has the burden of proof, 51 Am.Jur. 527, at p. 530, and the existence of a well-founded doubt of an exemption is fatal. Bank of Commerce v. Tennessee, 161 U.S. 134, 16 S.Ct. 456, 40 L.Ed. 645. It is also a general principle of law that a statute concerning a municipality, City of Miami v. Kayfetz, 158 Fla. 758, 30 So.2d 521; Fischer v. City of Pittsburgh, 178 Pa.Super. 16, 112 A.2d 814, and a school district, Madison County v. School District No. 2, 148 Neb. 218, 27 N.W.2d 172, must be strictly construed, since they are both governmental subdivisions.

In conclusion, I find no well-founded doubt in this case. The legislature has granted an exemption to cooperatives operating utilities under "arrangement" with the R. E. A. As previously discussed, this exemption is not expressed in as clear language as could be desired. However, I find that the legislature did intend such an exemption and it is obvious that none but cooperatives such as the Chugach Electric Association, Inc., and other cooperatives in a like position as Chugach Electric Association, Inc., could qualify.

The difficulty of the interpretation of the tax problem and the applicability of the exemption herein presented to

the taxpayer and the courts is a classic example of the ever-increasing and growing need for the legislature to pass legislation creating better taxation laws.

As heretofore orally announced in open court, the motion to dismiss as to the Chugach Electric Association, Inc., is hereby granted.