THE SALVATION ARMY, Appellant

v.

BARNETT, et al., Respondents

(124 N.W.2d 365)

(File No. 10057. Opinion filed November 8, 1963)

R. G. May, of Stordahl, May, Boe & Johnson, and T. M. Bailey, Jr., Sioux Falls, for Plaintiff and Appellant.

William F. Clayton, J. Bruce Blake, and Roger Schiager, Sioux Falls, for Defendants and Respondents.

BIEGELMEIER, J. Whether the real property which appellant Salvation Army occupied during all of 1961 and to which it re-

ceived a deed on December 27, 1961, is subject to the 1961 taxes is involved in this appeal. There is no dispute appellant is a charitable, benevolent or religious society described in Section 6, Article XI of the South Dakota Constitution and SDC 57.0311 and entitled to an abatement of the 1961 tax had it been owner for the complete calendar year.

While property sold to a tax exempt organization eventually becomes exempt from future taxes, the courts disagree as to the time when it must be acquired in order to be exempt from current taxes. Decisions vary from the time of listing or valuation by the assessor to the time taxes become due or become a lien. A great number of cases fix the determining date as the lien date. 63 A.L.R. 1332; 54 A.L.R.2d 996. In McFarland v. Keenan, 77 S.D. 39, 84 N.W.2d 884, the property was sold to an exempt religious corporation on May 27, 1955. The opinion sets out the time schedule provided by our statutes in the listing and fixing valuations on real property and the levy of taxes thereon. In holding the property exempt from the current 1955 tax, even though it had been listed and valued as of March 20, 1955, the court quoted from Jefferson Post No. 15, Am. Legion, Dept. of Ky. v. Louisville, Ky., 280 S.W.2d 706, 54 A.L.R.2d 992, where that court after considering the cases said:

> "While there is a divergence of authority on the question, the prevailing view seems to be that the date as of which the **lien** for the taxes of a particular year attaches is controlling as concerns the allowance of an exemption from the taxes of that year."

It is our conclusion that the date the tax lien attaches is controlling so far as it concerns the allowance of exemption from the taxes.

Other decisions which have adopted the date the tax lien became effective (though differing as to that time under their statutes) as the demarcation line between liability or nonliability of the property for the current tax are: In re Wausau Inv. Co., 163 Wis. 283, 158 N.W. 81; Eline's, Inc. v. Town of Milwaukee, 245 Wis. 648, 15 N.W.2d 816; City of Wichita v. Anderson, 119 Kan. 241, 237 P. 1024; Madison County v. School Dist. No. 2, 148 Neb. 218, 27 N.W.2d 172.

 Having so concluded, the next question presented is the time the lien attaches under our statutes. Pertinent parts of two code sections are of interest to the solution of the question presented. SDC 57.0701 provides:

> "Taxes upon real property shall be a perpetual lien thereon against all persons and bodies corporate, except the United States and this state.
>
> "Taxes due from any person upon personal property shall be a lien upon any real property owned by such person * * *.
>
> "Personal property taxes shall cease to be liens upon real property on and after the expiration of the period of ten years after the date upon which such personal property taxes became or shall become due. All taxes shall become due on the first day of January of the year following that in which such taxes are assessed, and as between vendor and vendee shall become a lien upon real property on and after such date."

SDC 57.0707 provides:

> "All taxes assessed upon personal property within this state shall be a first lien on all personal property of the person against whom personal taxes are assessed, from and after January first in each year."

By these two cited sections personal taxes are declared a lien on all personal property of the person assessed from January first thereafter under SDC 57.0702; by the third paragraph of SDC 57.0701 they are not only a lien on the real property "between vendor and vendee" on that date, but by the second paragraph they are declared a lien on any real property of the person assessed on the same date—when "due". This is the date of the commencement of this lien and it ceases as such ten years after due. It will be noticed SDC 57.0701 (also SDC 57.1004) fixes the due date for all taxes as the January first following the assessment; declares them to be a lien upon real property on that date as between vendor and vendee only and real estate taxes to be a perpetual lien. It does not expressly state a date the real

estate taxes become a lien as between others than vendor and vendee, i. e., state taxing bodies and the owner.

Where the statute does not expressly fix a lien date, courts have differed as to the time the taxes become a lien ranging from the assessment or listing of the property for taxation, Jefferson Post No. 15 Am. Legion, Dept. of Ky. v. Louisville, Ky., 280 S.W.2d 706, 54 A.L.R.2d 992, to the dates taxes are levied, extended on the tax list or are due and payable. L.R.A. 1915C, 125; 63 A.L.R. 1332 and 54 A.L.R.2d 1002.

Some expressions of this court may be of assistance. In Miller v. Anderson, 1 S.D. 539, 545, 47 N.W.957, 959, 11 L.R.A.317 this court wrote:

"The general rule is * * * that taxes are not a lien, unless expressly made so by the statute, and, when so made, the lien is not to be enlarged by construction * * * or, as stated by Desty in his work on Taxation, p. 734: 'The lien on real estate for taxes has no existence unless there be some statute creating it, and such statute must be strictly construed.' "

See also J. I. Case Threshing Machine Co. v. Bentson, 57 S.D.244, 231 N.W. 948 and Madison County v. School Dist. No. 2, supra.

Tax levies are made from March, as to townships (SDC 57.0509) to September, as to the county and municipal corporations (SDC 57.0505, SDC 45.1402) and must be certified to the County Auditor by October first, subject to being altered at any time before the extension of the tax. SDC 57.0510. The rate of tax is then calculated and extended by the auditor and a copy of the tax list delivered with a warrant to collect the tax to the treasurer on or before January first. SDC 57.06. Next following in sequence in the 1939 Code, as it did in the 1919 Code, are the sections partly quoted above as to liens, now SDC 57.07. It may be within the power of the legislature to declare the tax lien relate back to some earlier time as some states have done. This it did not do. In our opinion, the legislative intention was to make real estate taxes liens at the time they become due and not prior thereto. See also United States v. 909.30 Acres of Land, U.S.D.C. (North Dakota), 114 F.Supp. 756; First Nat. Bank of Tulsa v. Scott, 119

Okl. 106, 249 P. 282 and Allen v. Henshaw, 197 Okl. 123, 168 P.2d 625. This construction is consistent with the last sentence of SDC 57.0101 making all taxes, both real and personal, a lien at the same time they become due as between vendor and vendee. Further it fixes a definite date upon which administrative officers and persons dealing with real estate may rely. If the tax was held to be a lien at an earlier date under the present statutes, property conveyed, as here, prior to January first would be subject to the tax and the exempt vendee required to pay it, yet have no recourse against the vendor under a warranty deed.

The argument is pressed by respondents that the lien came into existence on the "levy date" and that the McFarland opinion so implied. As indicated in our statutes there is no single levy date, but many dates spread over months when taxing bodies may adopt their separate levies. Returning to the McFarland opinion, supra, the court said:

"* * * it should be pointed out that our statutes do not contain an express provision that the taxes levied on real property shall become a lien by relation as of the time the property is listed for assessment."

Neither do the statutes declare the taxes shall become a lien by relation back to the time of levy. The opinion did make some references to the fact the property had been sold before any tax was levied. The "question we are to decide" the court said, is whether the status of property as exempt or nonexempt was "as of March 20th", the time as of which all property in cities and towns was then required to be listed and valued for taxation. Ch. 399, Laws 1947, then SDC (1952) Supp. 57.0322. It held it was exempt on that date and necessarily when sold May 27th; this was before any levy was made or, as is here determined, a lien attached. The result in McFarland is in accord with the result here.

The expressions in McFarland are similar to those made by the Kansas and Nebraska Supreme Courts. First confronted with sales after the properties were assessed, but before levies made, the opinions in Trinity Evangelical Lutheran Church of Kansas City v. Board of Com'rs, 118 Kan. 742, 236 P. 809 and American

Province of the Servants of Mary Real Estate Corp. v. Douglas County, 147 Neb. 485, 23 N.W. 2d 714, held the property exempt as the assessment proceedings "cannot ripen into a tax until * * * the levy (is) made" and "The property is taxed * * * when the city levies the tax." Later in City of Wichita v. Anderson, 119 Kan. 241, 237 P. 1024 and Madison County v. School Dist. No. 2, 148 Neb. 218, 27 N.W.2d 172, these courts held property exempt from tax where sold after the levies had been made. The Nebraska court wrote:

> " 'The lien of taxes is a creation of the Legislature. It attaches only at the time provided by statute.' So here the taxes involved, although assessed and levied before defendant became vested with the title, had not attached as a lien at that time."

The Kansas court, evidently because of the references to the levy date being of importance in the Trinity Church opinion wrote:

> "What was there said is persuasive, but not controlling here. Following and extending the reasoning in that case, it must be held that the property, having been purchased by the city before the taxes became a lien thereon, was thereafter exempt from the taxes * * *."

The McFarland opinion mentions both the levy of the tax and the date the lien attaches; using either time in that case exemption from taxation followed. Appellant Salvation Army having been both the owner and user of the property in its exempt status after December 27, 1961, it is unnecessary to discuss the other statutory and constitutional questions presented.

Reversed.

All the Judges concur.