**In re Francis Victor KRUMP and Pauline Margaret Krump, Debtors.**

**In re Dennis VOELLER and Donna Lynn Voeller, Debtors.**

**In re Craig D. WENDLING and Rebecca L. Wendling, Debtors.**

**Bankruptcy Nos. 87–10230, 87–10254 and 87–10232.**

United States Bankruptcy Court, D. South Dakota, N.D.

June 7, 1988.

Thomas Tobin, Aberdeen, S.D., for debtors Krump and Voeller.

Terry Sutton, Watertown, S.D., for debtors Wendling.

Michael R. Fadlovich, Asst. U.S. Trustee, Minneapolis, Minn., Richard A. Sommers, Deputy States Atty., Aberdeen, S.D., A. Thomas Pokela, Panel Trustee, Sioux Falls, S.D., for the Krump creditors.

Michael R. Fadlovich, Asst. U.S. Trustee, Minneapolis, Minn., A. Thomas Pokela, Panel Trustee, Sioux Falls, S.D., for the Wendling creditors.

A. Thomas Pokela, Panel Trustee, Sioux Falls, S.D., Margaret Culp, Asst. U.S. Trustee, Minneapolis, Minn., for the Voeller creditors.

## MEMORANDUM DECISION

IRVIN N. HOYT, Bankruptcy Judge.

These three Chapter 12 cases present a recurring problem regarding plan treatment of tax claimants. All three original plans proposed to pay the entire amount of pre-petition tax claims in deferred cash payments without interest. Objections were filed to the original plans requesting that the claims be paid with interest. The plans were confirmed subject to these objections.

Under the Wendling's plan, Hamlin County would receive "$9,304.50 in the payment of 1981, 1984 and 1986 delinquent real estate taxes" in deferred payments. Clark County would receive $299.27 in payment of 1986 real estate taxes in three equal payments without interest. The $3,000.00 I.R.S. claim for delinquent income taxes is accorded like treatment. The Wendling's amended plan does not afford the I.R.S. interest. It does provide for interest to be paid at the statutory rate on the real estate tax claims.. The interest apparently would begin accruing at confirmation or the effective date of the plan. Because the plan does not provide for the possibility that the counties qualify for post-petition, pre-plan interest, and because the statutory interest rate is not necessarily the proper plan interest rate, the issue is not considered mooted by the amended treatment.

The Krump's original plan would pay Brown County's $10,000.00 real estate tax claim in ten equal yearly installments without interest. The Krumps have submitted a confirmed amended plan which proposes to pay one-third of the taxes due "with interest" yearly until paid in full. The interest apparently would begin to run at the date of confirmation. Because the amendment does not specify the interest rate to be applied, and because it is possible Brown County might qualify for post-petition, pre-confirmation interest, the objections to the original plan are not considered moot.

Under the Voeller's Plan, Brown County would be paid real estate taxes due from 1981 through 1983 in deferred payments without interest. The Voeller's filed an amended plan under which Brown County will receive $2,000 per year until the claim is paid in full, with interest at the statutory interest rate. The interest apparently would begin to accrue on the date of confirmation. The amendment does not moot the interest issue for the same reasons the Wendling's amendment does not.

### Real Estate Taxes

All plans treat the real estate tax claims as priority governmental claims under Section 507(a)(7). This subpart allows priority claims for "allowed unsecured claims of governmental units" which meet the criteria of that provision. By its plain wording, the priority statute applies only to *unsecured* claims. *See also Matter of Stanford,* 826 F.2d 353 (5th Cir.1987); *United States v. Neal Pharmacal Co.,* 789 F.2d 1283 (8th Cir.1986). Obviously, if a tax claim qualifies as a secured claim in bankruptcy it by definition does not qualify as a Section 507(a)(7) priority claim. A state tax debt is secured in bankruptcy to the extent a lien securing the debt arises under state law and the lien is unavoidable in bankruptcy. *Stanford. See also* 11 U.S.C. § 101(33) & § 101(47).

South Dakota real estate taxes are subject to statutory liens. *In re Brandenburg,* 71 B.R. 719 (Bkrtcy.D.S.D.1987). South Dakota statutes provide as follows:

**10–19–1. Due date of taxes—Effective date of lien on real property.** All taxes shall become due on the first day of January of the year following that in which such taxes are assessed, and as between vendor and vendee shall become a lien upon real property on and after such date.

**10–19–2. Real property tax as perpetual lien.** Taxes upon real property and any penalty and interest imposed thereon shall be a perpetual lien thereon against all persons and bodies corporate, except the United States and this state.

The lien attaches when the taxes become due. *Salvation Army v. Barnett,* 80 S.D. 379, 124 N.W.2d 365 (1963). In the present cases the pre-petition unpaid taxes were due no later than January 1, 1987. All three bankruptcy petitions were filed in the latter part of 1987, and all the unpaid pre-petition taxes are subject to the statutory lien.[1]

---

1. The language "and any penalty and interest imposed thereon" was added by a 1984 amendment to SDCL 10–19–2. Some of the taxes in question in these cases predate the effective date

of the amendment. It is not known whether any of these earlier tax debts include penalty and interest. No issue is raised as to whether

The analysis does not end with the conclusion that the real estate taxes are subject to a lien under state law. The tax claims must be further classified under bankruptcy law as fully' or partially secured, unsecured, or unsecured priority claims. No complaint to attempt to avoid any of the statutory liens was filed as allowed under Section 545 of the code. *See Stanford.* The liens thus intact, the analysis proceeds to Code Section 506. With one exception not applicable here, this section determines the secured claim status of a creditor holding a lien. *E.g.,* 3 *Collier on Bankruptcy* para. 506.04[1] (15th ed. 1988). For present purposes it is sufficient to summarize the statute as generally providing that a creditor's allowed claim is a secured claim to the extent of the value of its collateral, and an unsecured claim for any remaining debt. *See In re Catlin,* 81 B.R. 522 (Bkrtcy.D.Minn.1987).

Under South Dakota law real estate tax liens are "superior to other liens except as against the United States and" South Dakota. *Kruse v. State,* 73 S.D. 49, 38 N.W.2d 925, 926 (1949) (quoting *Hughes County v. Henry,* 48 S.D. 98, 202 N.W. 286, 288 (1925)). Because of this priority it can safely be said that in the usual case the county real estate tax creditor will be fully secured. That is, the tax lien will have first priority and the value of the encumbered real estate would normally exceed the amount of the real estate tax claim. In the present cases, however, no determination of secured status hearings have been held, and the Court has no record upon which to make a secured status finding. The secured status of the tax claimants must be subsequently determined. Depending upon their secured status the counties' right to receive interest is as follows.

### a. *Priority Tax Claimants*

 Section 1222(a)(2) provides in part:

any pre-amendment penalty and interest are subject to the statutory lien.

2. To the extent an allowed unsecured tax claim does not qualify as a priority claim, it should be given general unsecured claim status. *See In re Mitchell,* 39 B.R. 696 (Bkrtcy.D.Or.1984).

(a) the plan shall—

. . . . .

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim ... .

Section 507(a)(7)(B) provides priority status for unsecured government claims for "a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition ...." To the extent any tax creditor has an unsecured claim that qualifies for treatment under the above statutes, the debtor's subsequent amended plan shall so provide.[2]

Tax claims properly treated as Section 507(a)(7) priority claims and paid in deferred installments need not receive interest under 1222(a)(2). *Matter of Herr,* 80 B.R. 135 (Bkrtcy.S.D.Iowa 1987); *In re Citrowske,* 72 B.R. 613, 617 (Bkrtcy.D.Minn. 1987); 5 *Collier on Bankruptcy,* para. 1222.02 (15th ed. 1988); 3 *Norton Bankruptcy Law and Practice,* section 91.06 (1981). Section 1222(a)(2) contains no language requiring the payment of interest. That statute's language is identical to Section 1322(a)(2) of Chapter 13 which also has been interpreted as not requiring the payment of interest. *Herr;* 5 *Collier on Bankruptcy* para. 1322.03 (15th ed. 1987). By contrast, the corresponding Chapter 11 provision, Section 1129(a)(9)(C), requires that a tax creditor paid in deferred installments receive the value of its priority claim "as of the effective date of the plan." This "effective date of the plan" language mandates that the deferred payments equal the present value of the priority claim and thereby provides the right to interest. *See Neal Pharmacal; Herr.* This present value language is omitted in the corresponding provisions in Chapters 12 and 13.[3]

3. *Herr* states an unsecured priority tax creditor may be entitled to receive interest under the "best interest of the creditors" test codified in section 1225(a)(4). There is authority interpreting section 1325(a)(4), an identical provision, to the contrary. *In re Christian,* 25 B.R. 438 (Bkrtcy.D.N.M.1982). In the present cases even

**b. *Partially Secured Tax Creditor***

■ If a real estate tax creditor in the present cases is determined to be partially secured he will possess a secured and an unsecured claim. Interest treatment of the secured claim will differ from that of the unsecured claim, discussed above. Plan treatment of the secured tax claim is the same as secured claims generally and is governed by section 1225(a)(5). *Herr; See Stanford; Citrowske.* This section provides that the Court shall confirm a Chapter 12 plan if, regarding allowed secured claims

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
(ii) the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim ... .

This "effective date of the plan" language requires that deferred payments of secured tax claims must include interest affording the claim present value as of that date. *E.g., Herr.* The present value interest rate is the "prevailing market rate" and is a question of fact determined on a case by case basis. *Matter of Milleson,* 83 B.R. 696 (Bkrtcy.D.Neb.1988). *See also In re Monnier Bros.,* 755 F.2d 1336 (8th Cir. 1985).

**c. *Fully Secured Tax Claimant***

■ Proper treatment of the tax creditors again varies if they are determined to be fully secured. In understanding treatment of a fully secured creditor, a distinction must be made between post-petition interest which accrues on the fully secured claim prior to the effective date of the plan, and interest accruing on deferred payments of that secured claim under the Chapter 12 plan. *In re Snider Farms, Inc.,* 83 B.R.

if the provision was applied it would not work to provide the tax claimants interest. *See Herr.* Therefore, the Court does not adopt either position at this time.

**4.** The issue should be settled in the near future. In March of 1988 the United States Supreme Court issued a writ of certiorari to the Sixth

977 (Bkrtcy.N.D.Ind.1988). *See In re Lenz,* 74 B.R. 413 (Bkrtcy.C.D.Ill.1987).

The Court will first discuss the post-petition interest accruing on the secured claim. Ordinarily, interest stops accruing on a claim on the date the bankruptcy petition is filed. 11 U.S.C. 502(b)(2); *United Sav. Ass'n. v. Timbers of Inwood Forest,* —— U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Section 506(b) provides the following exception to this rule.

To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

This statute clearly allows the fully secured creditor post-petition interest as "provided for under the agreement under which such claim arose." The issue in the present cases is slightly different because the lien and interest are nonconsensual. The question at hand is whether a creditor, fully secured by virtue of a statutory lien, as opposed to a contractually based lien, qualifies to receive interest at the state statutory rate under Section 506(b)? There is a split of authority on this issue. For this Court's purposes the question was answered by Judge Ecker of this district in *Brandenburg.* Judge Ecker held in the affirmative, allowing the statutory rate. *See also* 3 *Collier on Bankruptcy* para. 506.05 (15 ed. 1988) (citing additional cases). That decision may be consulted for the grammatical ambiguity of Section 506(b) which has engendered the split of authority, and for Judge Ecker's reasoning for his holding. *Brandenburg* falls in line with the majority view, and is based upon sound reasoning, which this Court hereby adopts.[4]

Circuit Court of Appeals in *In re Ron Pair Enterprises, Inc.,* 828 F.2d 367 (1987), *cert. granted,* —— U.S. ——, 108 S.Ct. 1218, 99 L.Ed.2d 420. In *Ron Pair* the Sixth Circuit held a federal tax lien did not qualify for post-petition interest under Section 506(b).

■ The post-petition interest accruing on the fully secured tax claims continues as long as there is sufficient collateral value to pay the interest, or until the effective date of the confirmed plan. *Snider; Lenz.* Once the claim is finally set, the rate of interest afforded on deferred payments of the claim under the plan is governed by Section 1225(a)(5)(B)(ii). *Snider; Lenz.* This section was discussed above in the context of the undersecured creditor's secured claim.

### I.R.S. Income Taxes

■ There was an objection to the Wendlings' proposed plan for failure to pay the I.R.S. income tax claim with interest. There is no evidence of the nature of the I.R.S. claim, and the Court is unable on this record to determine whether it is fully, partially, or unsecured. As general propositions the Court would point out that delinquent I.R.S. income taxes are subject to statutory liens, 26 U.S.C. § 6321, although certain efforts must be taken to perfect the liens so that they are unavoidable in bankruptcy. 26 U.S.C. § 6323; 11 U.S.C. § 545. The priority of the I.R.S. lien is set out in 26 U.S.C. § 6323.

The Debtors shall within ten (10) days of entry of this decision file an amended plan treating the tax creditors consistently with this opinion. The tax creditors, Chapter 12 Trustee, and United States Trustee will be given ten (10) days after service of the amended plan to object to the proposed treatment.

This Memorandum Decision shall constitute the Court's Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rules 7052 and 9014 and Federal Rule of Civil Procedure 52. Counsel for the Debtors are instructed to submit an appropriate order for each case along with each amended plan. *See* Bankruptcy Rule 9021. This matter constitutes a core proceeding under 28 U.S.C. § 157.