State, ex rel. Hinson, v. Nickerson.

---

STATE, EX REL. T. N. HINSON, APPELLEE, v. JOHN T. NICK-ERSON, APPELLANT.

FILED MARCH 4, 1916. No. 18552.

1. Municipal Corporations: TAXATION. A city can tax for city purposes only property "within the city." Property is taxed when the tax is levied, and not when it is valued by the assessor.

2. ———: ———. Taxes cannot be levied upon property for city purposes after it has been detached from the city by the judgment of a court of competent jurisdiction.

APPEAL from the district court for Furnas county: ERNEST B. PERRY, JUDGE. *Reversed and dismissed.*

*Lambe & Butler* and *J. F. Fults,* for appellant.

*J. B. Smith* and *John Stevens, contra.*

SEDGWICK, J.

This is an action in mandamus brought by relator as a citizen and taxpayer of Beaver City, in the district court for Furnas county, against respondent, county clerk of that county, to compel respondent to enter on the tax list the property of B. F. Seibert and others, so that said property may be held subject to the tax levied for city purposes by the city of Beaver City for the year 1913. A peremptory writ was issued, and respondent has appealed.

On and prior to April 1, 1913, the property herein sought to be subjected to the city tax was within the corporate limits of the city, and was duly listed and assessed for taxes for that year by the assessor of Beaver City. July 1 following Seibert and the other property owners procured a judgment and decree of the district court detaching their real estate from the city. This decree was not appealed from and is in full force and effect. Taxes were assessed and levied for city purposes for the year 1913, but the county clerk refused to extend the levy and assessment against the property covered by this decree.

Property "within the city" can be taxed for city purposes. This property was "within the city" until July 1. After that time it was not within the city. The question is, then: When was it "taxed?" Is the property taxed when the assessor lists it and it is valued for taxation, or is it taxed when the levy is made? The levy was made by the county board about 10 days after the property was put out of the city.

An exactly similar case has been decided by the supreme court of Utah, *Gillmor v. Dale,* 27 Utah, 372. The syllabus

shows how exactly like our statute theirs is. It is as follows: "Revised Statutes 1898, sec. 2516, provides that the assessor must before the first Monday in May assess all property subject to taxation; and sections 2595, 2596, and 2597 declare that every tax has the effect of a judgment, and every lien the force and effect of an execution, and that every tax upon real property is a lien against the property assessed. Section 206, subd. 3, authorizes city councils to levy and collect taxes on real and personal property as provided by law, and Const., art. XIII, sec. 10, provides that all corporations or persons shall be subject to taxation within the territorial limits of the authority levying the tax. By Revised Statutes 1898, secs. 253 and 2689, city. councils are required, on or before the. first Monday in July, to fix the rate of taxes, and levy the same on property within the city; and by section 2694 the tax so levied becomes a lien on the property assessed from the same time, and subject to the same conditions, prescribed in sections 2595, 2596 and 2597. . Certain real estate within the limits of the city had been assessed, but, before the rate of taxes had been fixed by the council or any levy had been made, a judgment was rendered disconnecting the property from the city, and providing that it should no longer be subject to any liabilities, obligations, or taxes, or to the further imposition of taxes. *Held*, that the tax did not become a lien upon the property so severed." In the opinion the court said: "The city council was not authorized, either under the Constitution or by the provisions of the Revised Statutes, to levy a tax, except on property within its corporate limits, and any levy upon property not within such limits is without authority and void."

In *Wood v. McCook Water-Works Co.*, 97 Neb. 215, the company was held liable for the tax, whether it transferred its property after assessment to one who could be taxed or to one who could not be taxed. There was no difference in that respect, and it was held that transferring the property to the city itself, which could not be taxed, did

not relieve the company from payment of the tax for that year. It was held to be a question of ownership, and not a question of power to tax. When it is a question of ownership, it is the ownership on April 1 that controls. When it is a question of power to tax, that power must exist when it is assumed to exert the power; that is, when the property is taxed. The property is taxed by the city when the city levies the tax.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

ROSE, J., dissents.