JOHN J. DUNNEGAN ET AL., APPELLANTS, V. J. H. JENSEN, COUNTY TREASURER, APPELLEE.

FILED JUNE 24, 1924.     No. 22889.

1. **Taxation:** EXEMPTIONS.  Where a contractor agrees to install in and for a city a sewer system at a fixed price for the completed improvement, and obligates himself to provide at his own expense the necessary labor and materials therefor, the mere inspection and approval of unlaid sewer pipe, subsequently placed by the contractor above the ground in the streets but not yet a part of the completed sewer system, do not make such unlaid sewer pipe city property which is exempt from taxation.

2. ———: UNLAID SEWER PIPE.  Unlaid sewer pipe above ground in a city on the first day of April is subject to taxation as property of a contractor who purchased it and placed it there in performing a contract to provide at his own expense the necessary labor and materials and to install in and for the city a completed municipal sewer system at a fixed price for the entire improvement.

APPEAL from the district court for Kearney county: LEWIS H. BLACKLEDGE, JUDGE.  *Affirmed.*

*C. P. Anderbery,* for appellants.

*John L. McPheely, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and THOMPSON, JJ.

Dunnegan v. Jensen.

Rose, J.

This is a suit for an injunction to prevent the county treasurer of Kearney county, defendant, from collecting taxes alleged to have been illegally assessed. May 30, 1921, the assessor listed as property owned by plaintiffs in Minden April 1, 1921, the following: Ditch-digging machine, $4,500; ditch-filling machine, $750; sewer pipe on hand in the city of Minden, $20,000; total, $25,250. On these valuations the taxes levied were $809.28. Plaintiffs were partners and resided at Shenandoah, Iowa. They pleaded in their petition that their digging and filling machines had been assessed for the year 1921 in Iowa and were not, therefore, subject to taxation in Nebraska, and that the sewer pipe listed by the assessor was exempt property of the city of Minden. Defendant by answer put in issue the facts upon which plaintiffs relied for an injunction and defended the assessment as a valid exercise of the taxing power. Upon a trial of the case the district court found that plaintiffs' digging and filling machines were not properly listed in Nebraska, because they had been assessed in Iowa for the same period; that plaintiffs owned in Minden, April 1, 1921, subject to taxation, unlaid sewer pipe of the value of $7,600, and that they are liable for taxes thereon to the extent of $243.58. The levy in excess of hat amount was enjoined as invalid. Plaintiffs have appealed, claiming they are not liable to Kearney county for taxes in any amount.

There does not seem to be any error in the judgment of the district court. It is conclusively shown that the ditching and filling machinery was assessed in Iowa for 1921. Consequently it should not have been listed in Nebraska for that year. The question for determination is plaintiffs' ownership of unlaid sewer pipe in Minden April 1, 1921. Plaintiffs had entered into a contract August 24, 1920, to install in and for the city of Minden a sanitary sewer system at a fixed price for the completed improvement. While plaintiffs were performing the contract there was on hand April 1, 1921, in the streets of Minden, unlaid sewer pipe of the value of $7,600. At that time whose property was it? It was then above the ground. It had not become a

part of the completed sewer system which plaintiffs had
agreed to install. It had been shipped to them and was in
the streets to which they had access for the purpose of
performing their contract. The city did not order or pur-
chase the materials used. The obligation to pay for them
had been assumed by plaintiffs. The city could not legally
have taken the unlaid sewer pipe for other municipal pur-
poses or have maintained replevin for it. On the other
hand, plaintiffs, without violating the terms of their con-
tract, could have removed it at will. The city had agreed
to pay plaintiffs a fixed sum for the completed sewer sys-
tem, but had not obligated itself to pay for any materials
used therein. It is argued, however, that the city exercised
the right of inspection and accepted the sewer pipe before
it was unloaded from the railroad cars on which it had been
shipped to Minden, and that thereafter it was owned by
the city. The point does not seem to be well taken. In the
contract the provisions relating to the inspection and ap-
proval of materials do not affect the question of title. It
is apparent from the contract as a whole that inspection
and approval of unlaid sewer pipe were conditions accepted
by both parties for their mutual convenience. Plaintiffs
and the city, for obvious reasons, would naturally seek to
avoid inspection of sewer pipe after it had been laid in the
ditches. It seems clear that the unlaid sewer pipe above
ground in the streets of Minden April 1, 1921, belonged to
plaintiffs.

Under the constitutional and statutory provisions re-
lating to taxation, nonexempt property should be listed by
the owners. The sewer pipe in controversy was not ex-
empt. It was the duty of the assessor to see that it was
listed. While he listed machinery not subject to taxation
in Nebraska, plaintiffs, nevertheless, owned in Minden
sewer pipe which they should have listed. Legally they
were tax-debtors to the extent of $243.58. They sought
and obtained affirmative relief in equity. As a condition
of granting the injunction to prevent the collection of the
illegal taxes, it was within the discretion of the court of
equity to require plaintiffs to pay what they as tax-debtors

justly owed Kearney county. The decree of the district court conforms to these views, and consequently is

AFFIRMED.

Note—See Taxation, 37 Cyc. p. 872 (1925 Ann.); p. 999 (1925 Ann.).