CHAPIN-COLGLAZIER CONSTRUCTION COMPANY, APPELLEE, V. HAMILTON COUNTY, APPELLANT.

FILED JUNE 24, 1924.  No. 23075.

Taxation.  Loose paving materials in the streets of a city on the first day of April *held* assessable as property of the paving contractor. *Dunnegan v. Jensen, ante,* p. 266, followed.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Reversed.*

*John J. Reinhardt,* for appellant.

*Hainer, Craft, Edgerton & Fraizer, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and THOMPSON, JJ.

ROSE, J.

This is a controversy over the taxability of loose paving materials in the city of Aurora April 1, 1921. As property of plaintiff the materials were listed by the county assessor as follows: Brick, 1,500,000, $45,000; cement, 8 cars, $6,400; asphalt, 2 cars, $360'; sand, 10 cars, $500; total, $52,260.  Plaintiff, a construction company, had entered into a contract January 21, 1920, to provide at its own expense the necessary labor and materials and to grade, curb and pave the streets in a paving district in the city of Aurora.  This contract had been partially performed April 1, 1921, but the loose materials listed by the assessor, though then in the streets ready for utilization in the work of paving as it progressed, had not yet become a part of the completed improvement.  Plaintiff objected to the assessment of the loose materials listed, insisting they were property of the city and therefore exempt from taxation. In July, 1921, the county board of equalization overruled

the objections and assessed the paving materials in controversy as the property of plaintiff, the paving contractor. The latter appealed to the district court, where the assessment against plaintiff was stricken from the tax rolls. From that judgment, defendant, the county of Hamilton, has appealed.

The controlling question for determination is the ownership of the loose paving materials in the streets of the paving district April 1, 1921. Under a fair interpretation of the contract, plaintiff obligated itself to grade, curb and pave at its own expense the streets in the paving district according to definite plans and specifications and to accept in payment fixed prices based on the completed pavement. It was the duty of plaintiff to furnish the materials. They were necessarily in the possession and under the control of the contractor during the progress of the work. For the mutual convenience of the parties, loose paving materials were inspected and approved by the city before becoming parts of the completed whole. While carloads of bricks used for paving had been consigned to the city of Aurora in care of plaintiff, they were owned by the latter until the title thereto changed upon completion of the pavement. There is nothing in the contract or evidence to show that the loose materials in the streets were owned by the city of Aurora April 1, 1921. They were not exempt and were assessable as the property of plaintiff. Assuming that the loose materials in the streets April 1, 1921, were parts of the pavement in July, 1921, when the county board made the assessment, the changing of ownership in the meantime would not relieve plaintiff from liability as a tax-debtor. The taxability of personal property in the taxing district is determined by the ownership on the first day of April. In reaching this conclusion *State v. Nickerson*, 99 Neb. 517, has not been overlooked. The decision is·controlled by *Dunnegan v. Jensen, ante*, p. 266. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Taxation, 37 Cyc. p. 999 (1925 Ann.).