AMERICAN PROVINCE OF THE SERVANTS OF MARY REAL ESTATE CORPORATION, APPELLEE, v. COUNTY OF DOUGLAS, NEBRASKA, AND ERNEST ADAMS, TREASURER OF DOUGLAS COUNTY, NEBRASKA, APPELLANTS.

23 N. W. 2d 714

FILED JUNE 28, 1946. No. 32073.

*Kelso Morgan* and *Joseph D. Houston,* for appellants.

*Grenville P. North,* for appellee.

Heard before SIMMONS, C. J. PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

The plaintiff, American Province of the Servants of Mary Real Estate Corporation, a corporation, brought this action in the district court for Douglas County against Douglas County and Ernest Adams, the treasurer thereof. The purpose of the action is to cancel the 1943 taxes levied against certain real estate owned by the plaintiff. From a decree finding for the plaintiff and ordering the 1943 taxes to be canceled, the defendants appeal.

The facts are not in dispute. On June 28, 1943, the plaintiff, a religious corporation, purchased and thereafter used the real property herein involved for educational, religious, and charitable purposes and without financial profit or gain.

Prior to June 28, 1943, the property was subject to taxation and was, on April 1, 1942, assessed for that purpose. However, the levy for the 1943 taxes which amounted to $92.24 was not made until August 10, 1943.

The question presented is the effective date, with reference to real estate, when it is taxed for the current year.

"The assessment and valuation of property, as well as the subject of taxation generally, is purely a matter for the legislature, whose power in the premises is plenary except as limited by the constitution." Hacker v. Howe, 72 Neb. 385, 101 N. W. 255.

"Under the constitutional and statutory provisions relating to taxation, nonexempt property should be listed by the owners." Dunnegan v. Jensen, 112 Neb. 266, 199 N. W. 722.

"An assessment means the determination of the value of a man's property for the purpose of levying a tax; an official listing of persons and property with an estimate of the

value of the property of each for purposes of taxation." Hacker v. Howe, *supra*.

Section 77-1301, R. S. 1943, provides: "All real property in this state subject to taxation shall be assessed as of April 1 in each even-numbered year, which assessment shall be used as a basis of valuation for taxation until the next regular assessment, * * * ."

Section 77-1601, R. S. 1943, provides in part: " * * * on the last day of sitting as a board of equalization, the county board shall each year levy the necessary taxes for the current year."

With reference to personal property under a similar situation we said in Wood v. McCook Water-Works Co., 97 Neb. 215, 149 N. W. 417: "One who owns personal property subject to taxation at the time when it is returnable for assessment and taxation for any year cannot escape liability for the tax for such year by subsequently devoting the property to a purpose which would thereafter render it not subject to taxation, nor by a sale of such property to a municipal or other corporation, in whose hands such property thereafter would not be subject to taxation." See, also, Chapin-Colglazier Construction Co. v. Hamilton County, 112 Neb. 269, 199 N. W. 724.

In the case of State ex rel. Hinson v. Nickerson, 99 Neb. 517, 156 N. W. 1039, real property was involved. The real property was within the corporate limits of Beaver City on April 1, 1913, and duly listed and assessed for taxes for that year by the assessor. However, by a decree of the district court rendered July 1, 1913, it was detached from the city. About ten days thereafter the county board made the levy. The question, as stated in the opinion, was: "When was it 'taxed?' " The opinion goes on to state: "Is the property taxed when the assessor lists it and it is valued for taxation, or is it taxed when the levy is made?" In answering the question by holding that the property is taxed when the tax is levied and not when it is valued by the assessor, the court went on to say: "In Wood v. McCook

Water-Works Co., 97 Neb. 215, the company was held liable for the tax, whether it transferred its property after assessment to one who could be taxed or to one who could not be taxed. There was no difference in that respect, and it was held that transferring the property to the city itself, which could not be taxed, did not relieve the company from payment of the tax for that year. It was held to be a question of ownership, and not a question of power to tax. When it is a question of ownership, it is the ownership on April 1 that controls. When it is a question of power to tax, that power must exist when it is assumed to exert the power; that is, when the property is taxed. The property is taxed by the city when the city levies the tax."

Section 2, art. VIII, of our Constitution provides in part as follows: "The Legislature by general law may exempt property * * * owned and used exclusively for educational, religious, charitable * * * purposes, when such property is not owned or used for financial gain or profit to either the owner or user."

This provision is put in force by section 77-202, R. S. 1943, which is in part as follows: "The following property shall be exempt from taxes: * * * (3) Property owned and used exclusively for educational, religious, charitable * * * purposes, when such property is not owned or used for financial gain or profit to either the owner or user; * * *."

Consequently the question of the power of the authorities to tax the real property here involved is the question of the exempt or nonexempt character thereof by reason of the use to which it is put and the purpose thereof at the time the levy is made.

In Hardin v. Pavlat, 130 Neb. 829, 266 N. W. 637, we followed our previous holding in State ex rel. Hinson v. Nickerson, *supra,* and stated: "Property is taxed when the tax is levied, and not when it is valued by the assessor."

The property, under the provisions of our Constitution and statutes, having become exempt from taxation on June 28, 1943, the authorities were without power to levy a tax

thereon on August 10, 1943, the date the levy was sought to be made. As stated in State ex rel. Hinson v. Nickerson, *supra*: "* * * that power must exist when it is assumed to exert the power; that is, when the property is taxed."

For the reasons stated the decree of the lower court is affirmed.

AFFIRMED.