JAMES H. LYNCH ET AL., APPELLANTS, V. SAM J. HOWELL, COUNTY TREASURER OF DOUGLAS COUNTY, NEBRASKA, ET AL., APPELLEES.

86 N. W. 2d 364

Filed November 29, 1957. No. 34277.

*Fitzgerald, Ross & O'Connor,* for appellants.

*Eugene F. Fitzgerald, Edward F. Fogarty, Herbert M. Fitle, Bernard E. Vinardi, Neal H. Hilmes, Irving B. Epstein, Frederick A. Brown, William Ross King, Harry H. Foulks, Jr., George C. Pardee,* and *G. H. Seig,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a class action commenced in the district court for Douglas County to have declared null and void certain taxes levied on August 9, 1956, by the City of Omaha, the Metropolitan Utilities District of Omaha, and the University of Omaha on property known as Parcel 3, located within an area annexed by the city on July 19, 1956. The trial court found the taxes so levied to be valid and dismissed plaintiffs' petition. Plaintiffs appeal.

There is but one question to be determined on this appeal: Whether or not the real and personal property of the plaintiffs below, which is located within the area annexed on July 19, 1956, is subject to the tax levied by the defendants on August 9, 1956, when the property was not within the territorial limits of the city on March 1, 1956, the assessment date, nor within the city limits prior to the third Monday in May 1956, the date the county assessor was required to complete the assessment and make his return to the county clerk. The parties are in agreement that the taxation of motor vehicles within the newly annexed area is not involved in the litigation because of a constitutional provision and implementing statutes dealing specially with that class of personal property. On the issue before us the rules of law apply equally to real and personal property.

It will be noted that all ad valorem taxes levied upon

property in this state by municipal corporations must be uniform in respect to persons and property within the jurisdiction of the body imposing the same. Art. VIII, § 6, Constitution. It is fundamental, also, that an assessment of property is a prerequisite to the levy of a valid tax based upon valuation. Nebraska City v. Nebraska City Hydraulic Gas Light & Coke Co., 9 Neb. 339, 2 N. W. 870. In the case before us no irregularity in the assessment is asserted. The property here involved was properly assessed in McArdle district within the time prescribed by statute for assessing real and personal property. After the property had been listed and valued by the county assessor, it was annexed to the city of Omaha, the effective date of the annexation ordinance being July 19, 1956. The property, prior to the levy of the tax, was shown on the assessment rolls as being within the city of Omaha. The levy of the taxes here in question was made on August 9, 1956.

Many cases are cited from other jurisdictions on the question before us. We think that former decisions of this court provide the answer to the question posed. The question, simply stated, is: Did the defendants below have the power on August 9, 1956, to tax the property annexed to the city on July 19, 1956?

The purpose of an assessment is to determine the ownership, quantity, and value of property for tax purposes as of the date fixed by statute, the date being March 1st under our present law. It involves no question of the power to tax. This was made clear in State ex rel. Hinson v. Nickerson, 99 Neb. 517, 156 N. W. 1039, wherein we said: "There was no difference in that respect, and it was held that transferring the property to the city itself, which could not be taxed, did not relieve the company from payment of the tax for that year. It was held to be a question of ownership, and not a question of power to tax. Where it is a question of ownership, it is the ownership on April 1 that controls. When it is a question of power to tax, that power must exist

when it is assumed to exert the power; that is, when the property is taxed. The property is taxed by the city when the city levies the tax." See, also, Wood v. Mc-Cook Water-Works Co., 97 Neb. 215, 149 N. W. 417, L. R. A. 1915C 125; Hardin v. Pavlat, 130 Neb. 829, 266 N. W. 637; Seward County v. Jones, 105 Neb. 705, 181 N. W. 652; Adair v. Miller, 109 Neb. 295, 190 N. W. 865; Dunnegan v. Jensen, 112 Neb. 266, 199 N. W. 722; Chapin-Colglazier Constr. Co. v. Hamilton County, 112 Neb. 269, 199 N. W. 724; 3 Cooley on Taxation (4th Ed.), § 1062, p. 2238.

In the Nickerson case we held that the power to tax was determinable as of the date the tax was levied, and lands which had become lawfully detached from the city prior to the date the tax was levied were not subject to the power of the city to tax.

The foregoing cases cite the inverse rule to that which we have here. They involve cases where the property was detached from the territorial limits of the city or were transferred or conveyed to one claiming to hold them as exempt property. When the property was lawfully detached from the city, the power to tax was gone. When the property was transferred to one entitled to hold it as exempt property, the question became one of ownership on the assessing date and not a question of the power to tax.

The Constitution requires all municipal corporations authorized to assess and collect taxes to do so in such manner that they will be uniform as to persons and property within the jurisdiction of the body imposing the same. Art. VIII, § 6, Constitution. They must be levied uniformly as to persons and property within the city on the date the levy is made, subject of course to a previous valid assessment of the property as of March 1st.

No contention is here made that the plaintiffs did not own the property assessed on March 1, 1956. The valuation placed upon it is not attacked. No claim is made

that the assessment was not in all respects regular. The claim is that although it was properly assessed in Mc-Ardle district, it could not be taxed when it was annexed to the city of Omaha thereafter and before the levy of the tax was made. Our cases, hereinbefore cited, uniformly hold that the power to tax is determinable as of the date the levy was made. The property was admittedly within the city of Omaha on that date.

The assessment and valuation of property, as well as the subject of taxation generally, is a matter for the Legislature, whose power with respect thereto is plenary, except as limited by the Constitution. An assessment is an official listing of owners and quantities of property with an estimate of the value of the property of each for the purpose of taxation on a day fixed by the Legislature. Hacker v. Howe, 72 Neb. 385, 101 N. W. 255; American Prov. of the Servants of Mary v. County of Douglas, 147 Neb. 485, 23 N. W. 2d 714. The assessment of property does not involve the power to tax. The question of the power to tax arises at the time the levy of the tax is made. Consequently, if a valid assessment of property has been made and the property assessed is within the territorial limits of the municipal corporation levying the tax on the day the levy is made, the tax is in conformity with Article VIII, section 6, Constitution, and the power to tax exists. Such is the situation in the case before us and the tax levied on August 9, 1956, is in all respects valid as to the property annexed to the city on July 19, 1956.

The trial court having concluded by its decree that the taxes levied on real and personal property within the area annexed on July 19, 1956, known as Parcel 3, were in all respects valid, we affirm that part of the decree so holding. Since this is a complete disposition of the case we shall not consider other questions raised by the appeal.

AFFIRMED.