The People ex rel. Village of Inverness, a Municipal Corporation, Plaintiff-Appellant, v. Edward J. Barrett, County Clerk of Cook County, Defendant-Appellee.

Gen. No. 49,013.

First District, Second Division.

December 21, 1962.

King, Robin, Gale & Pillinger, of Chicago (J. William Braithwaite, and Edward G. Green, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Thomas A. Hett, and Theodore M. Swain, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

A petition to incorporate the Village of Inverness was filed in the County Court of Cook County December 19, 1961. The Village was incorporated May 8, 1962. It passed an ordinance levying taxes for the fiscal year May 1, 1962–April 30, 1963 in the amount of $14,975. The levy included $9000 for police protection and various sums for maintenance of streets, administration and other activities. A certified copy of the ordinance was filed with the County Clerk on September 7, 1962, several days before the statutory deadline of the second Tuesday in September. The County Clerk, on September 7, 1962 in a letter informed the Village Clerk that the levy ordinance would not be honored and that the taxes would not be extended because the Village was incorporated after January 1, 1962. The letter also stated that the extension of the taxes is made by an IBM card system and that the cards for the township of Palatine, where the village is located, had already been key-punched. In a letter of reply the Village pointed out that there was no statutory basis for the County Clerk's action, and

demanded that the taxes be extended. On the continued refusal of the County Clerk the Village filed a petition that a writ of mandamus issue commanding him forthwith to extend the taxes as levied by the ordinance against all property within the corporate limits of the Village in accordance with the laws of Illinois. The defendant's answer to the Village says that because the Village did not have corporate existence on January 1, 1962 he is not permitted by law to extend taxes for the Village for the year 1962. The Village appeals from a judgment for the defendant.

The Village has 365 parcels of land. The boundary line of the Village bisects 23 of the parcels. Only as to these 23 parcels would it be necessary to make divisions to compute what portion is taxed within the Village and what portion outside. Such divisions would not change the assessment of the property. The County Clerk has separate books for each township and assigns to each parcel a volume and item number as well as a permanent index number. The Inverness levy, if extended, would be removed from the "town" books of Palatine and be transferred to the "village" book, involving a total of 3 volumes. Mr. Arthur J. Saloman, superintendent of the Cook County Map Department, testified to the inconvenience to the County Clerk's Office if the taxes were extended. He said that his office could perform the work involved to extend the Inverness taxes. He testified about the procedure followed for all 38 townships in the county. He states that the Assessor does not accept divisions on property for a given year after January 1, and that the observance of this cut-off date is pursuant to the Statute which authorizes the Assessor to call on January 1 for the assessment books. He also testified that because of the size of the county the Assessor makes up a town order from which he calls for the assessment books by townships. Mr. Saloman says

that during 1962 there were new taxing bodies formed and new annexations in 10 townships of the county, but he did not know how many of these filed levies prior to the second Tuesday in September. He admitted that in up to 6 instances in the past he had extended taxes as to land which had been annexed to an existing taxing body after the assessment date and before the levy date. The Village calls attention to the fact that even if the taxes are extended it will not secure its first tax revenues until the summer of 1963, over a year after incorporation. Under the contention of the defendant the Village would not receive tax revenues until the summer of 1964. The Village now has less that $500 and has within its boundaries no business which will result in Retailers' Occupation taxes or other similar revenues. The Village has few vacant lots and the total revenue expected from building permits through June 30, 1963 is less than $2500.

We agree with the contention of the Village that the taxing power is determinable as of the date of the tax levy. Ill Rev Stats 1961, c 24 (Illinois Municipal Court), § 8–3–1, provides that on or before the second Tuesday in September in each year the corporate authorities shall ascertain the total amount of appropriations legally made for all corporate purposes to be provided for by the tax levy of that year and by ordinance levy not to exceed the total amount ascertained upon all property subject to taxation within the municipalities as that property is assessed and equalized for state and county purposes for the current year and that a certified copy of the ordinance shall be filed with the County Clerk. The second Tuesday in September is also the controlling date in the complementary provisions of the General Revenue statute, Ill Rev Stats 1961, c 120 (Revenue Act), § 638. There is no statutory provision preventing or nullifying a tax levy on the ground that the Village

338

was incorporated after January 1. Ill Rev Stats 1961, c 120 (Revenue Act), § 644, directs that all "taxes shall be extended by the respective county clerks." There is no exclusion of newly incorporated bodies by this or any other statute.

██ ██ The assessment of property as of January 1, "is merely the value placed upon the property at which the rate per cent is applied to reach the amount of taxes required by such local taxing authorities." People ex rel. Ingram v. Wasson Coal Co., 403 Ill 30, 36, 85 NE2d 182. The lien date has no bearing on the validity of taxes levied uniformly by all taxing bodies after January 1. The statutes relating to incorporation of villages make no attempt to deny new municipalities' taxes in the year of incorporation.

The power to tax is determined as of the date that the tax levy is made. No one can tell on January 1 what his taxes will be for the coming year. No tax levies have been passed. Taxing bodies may have higher or lower levies than in previous years; some may levy for the first time; and in a rare instance there may be no levy. In People v. Long, 328 Ill 297 (159 NE 259), the court said, 305:

> "The law is well settled in this State that the powers of a school district to levy taxes are limited to the property within the boundaries of the district at the time of the levy, and any attempt to levy a tax on property in territory detached from such district is illegal."

See also Prohm v. Non-High School Dist. No. 216, 7 Ill 2d 421, 435, 130 NE2d 917; People ex rel. Bailey v. Illinois Cent. R. Co., 407 Ill 426, 435, 95 NE2d 352. The rule has been applied to exclude from taxation land annexed to a taxing body after the levy date. Spence v. Selcke, 404 Ill 98, 106, 88 NE2d 41. The Attorney General instructed the State's Attorney in

1926 that property annexed to a city in Lake County "subsequent to April 1 [the former lien date] and prior to the annual appropriation and tax levy ordinances" was subject to city taxes for that year. 1926 Opinions of Attorney General, page 458.

██ The rule applies with equal force to the incorporation, annexation, and disconnection of land. In People ex rel. Quisenberry v. Ellis, 253 Ill 369, the court said, 376, 97 NE 697:

> "An annexation of territory to a city or disconnection of territory from it is pro tanto a new organization in the municipality, and an act providing for annexation or disconnection is an act for changing the charter of the cities and is upon the same footing as an act for original incorporation."

Accordingly, the doctrine that the power to tax is determinable as of the levy date applies regardless of whether that doctrine is enunciated by annexation, disconnection or incorporation cases. In McQuillin, Municipal Corporations, 3rd Ed, Sec 44.95, the author says:

> "A levy of taxes by a city during the year of its incorporation generally is authorized."

See also Rachford v. City of Port Neches (Tex Civ App), 46 SW2d 1057; Cadena v. State ex rel. Leslie (Tex Civ App), 185 SW 367; City of Cincinnati v. Roettker, 41 Ohio App 269, 180 NE 907; Lynch v. Howell, 165 Neb 525, 86 NW2d 364.

██ ██ The defendant insists that the judgment be affirmed because the law governing relief by mandamus required the trial judge, in the exercise of his discretion, to refuse to grant the writ. Defendant raises for the first time in this appeal the question of applying the tax levy to personal property. Defendant's theory that the lien date governs means that

a village incorporated after January 1, the real estate assessment date, but before April 1, the personal property assessment date, could levy against personal property but not real estate. Such a result would be inconsistent and perhaps unconstitutional. This emphasizes the correctness of the rule urged by the village and supported by the Supreme Court Opinions that the levy date governs. The testimony of the defendant's witness demonstrates that the inconvenience to defendant would be inconsequential in the case at bar. The County Clerk has a duty to extend taxes for villages incorporated prior to the last date for levying taxes. If the defendant feels that this rule of law should be changed the General Assembly is the proper forum. The inconvenience of the defendant in the case at bar involving 365 entries in 3 volumes is insignificant when compared to the loss of one year's tax revenue to the Village. Defendant would deprive the Village of revenue for 1962, collectible in 1963, resulting in the first funds being received in the summer of 1964.

Defendant's contention that other administrative officials who are not parties, the Assessor, members of the Board of Appeals and Department of Central Services, may be involved in the extension of taxes for the Village was not raised by the pleadings. Defendant's sole defense was that the Village did not have corporate existence on January 1, 1962, therefore he is not permitted to extend taxes for the year 1962. Defendant's contention as to other agencies relates to the 23 lots which are bisected by the Village boundary line. The County Clerk extends the Village tax levy against the assessed valuation of the portion of a divided lot which is within the Village. The Board of Appeals, upon completion of hearings certifies the assessment for the entire lot. The Board of Appeals does not have any connection with the

341

determination as to which parts of the assessed valuations are within a taxing body. The defendant can easily determine as to the 23 lots involved whether the improvements are within or without the Village and the portion of the land valuation within the Village. This would have to be done for the next levy if not for the present levy. The division department of the Assessor's office could provide the necessary figures within a reasonable time. We cannot assume that the Assessor would fail to perform his duties.

For these reasons the judgment is reversed and the cause is remanded with directions that a writ of mandamus issue commanding the County Clerk to forthwith extend the 1962 taxes as levied by the village ordinance against all property within the village in accordance with the laws of the State of Illinois.

Judgment reversed and cause remanded with directions.

BYRANT, P. J. and FRIEND, J., concur.