REQUESTED BY: Fred A. Herrington, State Tax Commissioner, Lincoln, Nebraska.
If a mobile home qualifies for the homestead exemption allowed by section 77-202.13, R.S.Supp., 1978, is that exemption prorated for the year if it is sold during the year?
It is automatically prorated in the calculation of the tax refund paid to the seller pursuant to section77-1240.03, R.R.S. 1943.
Section 77-202.12 was amended in 1978 to include mobile homes in the definition of homesteads qualifying for the exemptions authorized by section 77-202.13. Real estate qualifying for the exemption gets it for the entire year, and the sale of the property during the year does not result in a pro rata reduction of the exemption. You ask whether the same result applies to mobile homes qualifying for the exemption.
We conclude that it does not, and cannot, because of the different methods of taxing real estate and mobile homes. For both real estate and mobile homes, the property must be owned by the homestead claimant and occupied as a residence on January 1 of the year for which exemption is claimed. If real estate is so owned and occupied, it appears to qualify for the exemption, pursuant to section77-202.12, regardless of transfer during the year. We say this despite American Province of Servants of Mary Real EstateCorporation v. County of Douglas, 147 Neb. 485,23 N.W.2d 714 (1946), which held that the exempt status of property in that case was determinable on the date of levy of the tax. That case, however, was decided under different statutory and constitutional provisions. Section 77-202.12
requires only that the property be owned and occupied as a residence on January 1, and we are unable to find any suggestion that transfer of the real estate after that date will cause the exemption to be lost. We are informed that this is the interpretation your office has made. In case of doubt as to the meaning of a statute, the court will give weight to administrative interpretation of a statute by the agency charged with administering it. The statement that the exemption was determinable at the time of levy, found in our opinion of March 5, 1974, Report of the Attorney General, 1973-74, p. 199, is probably incorrect.
Since no distinction is drawn between real estate and mobile homes in sections 77-202.12 and 77-202.13, an argument may be made that the same result should apply. However, because mobile homes are taxed as motor vehicles, this would lead to absurd results.
Motor vehicle taxes on mobile homes are due at the time of registration, pursuant to section 77-1241, R.S.Supp., 1978, and registrations must be renewed by March 1 of succeeding years, as required by section 60-1605, R.R.S. 1943. Unlike real estate taxes, motor vehicle taxes are paid for the current year, in advance. Section 77-1240.03, however, provides that upon transfer of ownership of the motor vehicle, which would include a mobile home, the transferor is entitled to a credit or refund of the tax proportionate to the unexpired months remaining in the registration period.
The refund will, of course, be based upon the tax paid, which will be the total tax computed on the basis of the levy times the assessed valuation, reduced by the amount of the homestead exemption. Since the tax so computed will have been reduced by the homestead exemption, the pro rata refund will also be proportionately reduced. In effect, then, the homestead exemption for that particular mobile home will have been prorated for the number of months the homestead applicant owned the mobile home during the year.
The purchaser, even though he occupies the mobile home as a residence, cannot qualify for a homestead exemption for the remainder of the year, because he will not have occupied it as a homestead on January 1 of the year of transfer. For that particular mobile home, therefore, the homestead exemption will be applicable only during the time it was owned by the person who owned it on January 1.