REQUESTED BY: L. Joe Stehlik Pawnee County Attorney
If a church, on August 15, 1983, buys real estate previously not tax exempt, when does the real estate become tax exempt, and when is the application for exemption timely made, when the church holds an unexpired tax exemption on real estate which is replaced by the newly acquired real estate?
If exempt church property is sold as of September 6, 1983, to be used for purposes not qualifying for exemption, does the property remain tax exempt for any part of 1983?
Assuming that the property is used for an exempt purpose after its acquisition, it is exempt for the entire year of 1983, if application for exemption is made on or before September 15, 1983.
No.
1. Neb.Rev.Stat. § 77-202.03 (Supp. 1983) provides in part:
 "If any person, corporation or organization shall seek a new tax exemption for any real or tangible personal property except motor vehicles in any year, he, she, or it shall apply on or before September 15 of the year of application as provided in section 77-202.01 and procedure thereon shall be the same as provided for other applications under the provisions of sections 77-202.01
to 77-202.07, except that for the new exemption the exempt use shall be determined as of the date of levy in the year of application. . . ."
We are assuming in this discussion that the property in question was used exclusively for educational, religious, or charitable purposes after its acquisition by the church. Neb.Rev.Stat. § 77-202(c) (Supplement 1982) grants tax exemption to: `Property owned by educational, religious, charitable, or cemetery organizations and used exclusively for educational, religious, charitable, or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user.' This exemption is in substantially the same language as we find in ArticleVIII, Section 2 of the Nebraska Constitution.
We will not attempt to determine at this time what `educational, religious, or charitable use' must have been made of property purchased for such purposes shortly before the levy date. However, no other use can be made of it. For example, a house purchased to be ultimately torn down and the lot used for expansion of the church would not qualify for exemption if the house is rented while waiting for demolition.
Assuming that an exempt use of the property before levy date has been established, the property will qualify for exemption for 1983, if application was made on or before September 15, 1983. As you will note, the quoted portion of 77-202.03
makes the levy date the time as of which the exempt use must be established. This is consistent with the case of American Province of Servants of Mary Real EstateCorporation v. County of Douglas, 147 Neb. 485,23 N.W.2d 714 (1946).
The part of your question reciting that the church holds an unexpired tax exemption on real estate which is replaced by the newly acquired real estate has nothing to do with the exemption for the latter real estate. Its exempt status is determinable by the use it is put to on levy date.
2. You asked whether exempt church property sold for a purpose not qualifying for exemption on September 6, 1983 remains tax exempt for any part of 1983. You have informed us that the levy had not been made by September 6. Neb.Rev.Stat. § 77-1601 (Reissue 1981) requires the levy to be made on or before September 15, and you say that it was made on or about that date.
In that situation, the real estate was not devoted to an exempt use on levy date, and, under American Province ofServants of Mary Real Estate Corporation it did not qualify for exemption. There is no provision in our statutes for a partial-year exemption. If it was devoted to an exempt use on levy date, and if timely application has been made, the property is exempt for the entire year. If it is not devoted to an exempt use on levy date, no exemption at all is allowable.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General