The Honorable Don McSpadden Prosecuting Attorney Sixteenth Judicial District 1708 West Main Heber Springs, Arkansas 72543
Dear Mr. McSpadden:
This is in response to your request for an opinion concerning the taxation of recently annexed lands. Specifically, you note that the City of Heber Springs annexed an adjacent area effective November 2, 1989. You also note that the time is near for the collector and assessor to extend the books and tax records for the county. Your question relative to these facts is as follows:
 Should the area annexed be included and taxed at the city millage for 1989 even though it will only have been in the city for two months or should the area be taxed at the city millage commencing January 1st, 1990. More specifically, when does an area become taxable once it has been annexed?
We have found no precise Arkansas statutory or common law answer to this question. Although there are several statutes which deal with taxes and annexation in specific instances. (See, A.C.A. 14-40-405, 14-40-406, and 26-26-1108), there is no general statute identifying the point at which land which has been annexed into a municipality should be taxed. Similarly, in Arkansas there appears to be no definitive ruling by our Supreme Court on the question. (But see generally, Tanner v. City of Little Rock,261 Ark. 573, 550 S.W.2d 177 (1977), and Jackson v. City of Little Rock, 274 Ark. 51, 621 S.W.2d 852 (1981).
This being the case, we must look to relevant case law from other jurisdictions faced with the question.
It has been stated that there is a conflict of authority among the various states on the question. As was stated in 62 C.J.S. Municipal Corporations 79:
 There is a conflict of authority as to whether the owner of annexed property can be charged with the current year's taxes, the rule in some jurisdictions being that he cannot and in others that he can be held liable. [Footnotes omitted.]
62 C.J.S. Municipal Corporations 79, at p. 192.
It is my opinion, despite the conflict of authority noted above, that the majority rule is that the crucial date for determining whether recently annexed territory is to subjected to current year city taxation is the "levy date". That is, if the annexation becomes final prior to the date the city "levies" its taxes, the newly annexed territory is subject to city taxation for the year in which it was annexed. If the annexation is effective after the levy date, then the city may not subject the newly annexed territory to current year taxation.
A brief synopsis of the local taxation process in Arkansas is helpful to understand the question. Between the first Monday in January and the first of July of each year, the assessor must assess all real property in each county. A.C.A. 26-26-1101. See also 26-26-501. Tangible personal property is generally assessable between January first and April tenth of each year. A.C.A. 26-26-1408 (Supp. 1989). The property is assessed according to its value on January first of each year. A.C.A.26-26-1201. Levies of city or town taxes are based upon the appraisement of the county assessor, and are collected in the same manner, and by the same person, as county taxes. A.C.A.26-25-103. All taxes assessed are a lien upon the property assessed from the first Monday of January of the year in which the assessment is made until the taxes are paid. A.C.A. 26-34-101. The quorum courts, at their regular meeting in November of each year, levy the county, municipal, and school taxes for the current year. A.C.A. 14-14-904(b). The cities are to have certified their rate of taxation to the county clerk prior to this quorum court November meeting. A.C.A. 26-73-202. Sometime between this November meeting and the third Monday in February, the county clerk figures the amount of taxes by multiplying the various rates of taxation by the assessment figures. A.C.A. 26-28-103. On the third Monday in February of each year, the tax books are given to the collector, (A.C.A. 26-28-108) who collects the taxes between the third Monday in February up to and including October 10 in the year succeeding the year in which the levy is made. A.C.A.26-35-501 (Supp. 1989). The entire procedure is ongoing and the process for any one year is overlapped by the ongoing process for the next year.
The Missouri case of Long v. City of Independence, 360 Mo. 620,229 S.W.2d 686 (1950) appears to precisely address the question at hand. In Long, the annexation of territory was effective on February 2, 1948. The city attempted to collect real and person property taxes for the entire calendar year of 1948. The plaintiffs sued and the court characterized their claim as follows: Appellants' sole point is: `Because the plaintiffs were not within the corporate limits of the defendant on January 1, 1948, the assessment date, the defendant cannot collect taxes from them for the year 1948.' They contend that the date of assessment of city taxes is fixed by law as of January 1, that the value, situs and ownership of the property taxable is determinable as of that date; and that, there being no valid assessment, the taxes were void. . . . Appellants' theory is based upon the assumption that January 1, the statutory lien-attaching date, is also "the assessment date' and, as such, finally determines liability for all city taxes assessed and levied during the calendar year; and that liability for city taxes during that year depends upon the situs of the property on that date. If appellants are correct, the city had no power to assess, levy and collect 1948 taxes upon any property, including appellants', not within its corporate limits on January 1, 1948.
The court disagreed with the appellants, and found that an earlier Missouri case controlled the question. The court, using language from that previous case, stated as follows:
 `The question here is, were these lands within the corporate limits when the tax was levied? If they were, they are subject to city taxation.' . . . While there is a square conflict of authority as to liability, of property in areas annexed by cities, for taxes for the current year, 62 C.J.S., Municipal Corporations, s 79, page 192, we believe that we stated the proper rule in the City of Westport case.
229 S.W.2d at p. 687.
Another case holding the "levy date" the crucial date for determining whether current year taxes may be charged to newly annexed territory is Lynch v. Howell, 165 Neb. 525, 86 N.W.2d 364
(1957). The court in Lynch simply held that because the power to tax is generally to be judged at the time of the levy of taxes, the levy date is the crucial date. The court stated:
 The assessment of property does not involve the power to tax. the Question of the power to tax arises at the time the levy of the tax is made. Consequently, if a valid assessment of property had been made and the property assessed is within the territorial limits of the municipal corporation levying the tax on the day the levy is made, the tax is in conformity with [our Constitution] and the power to tax exists. Such is the situation in the case before us and the tax levied on August 9, 1956, is in all respects valid as to the property annexed to the city on July 19, 1956.
86 N.W.2d at p. 365.
It is thus my opinion, in light of the cases cited above, that the Arkansas Supreme Court might well decide that the "levy date", and not the "lien date" or "assessment date", is the all important date in determining whether newly annexed territory is subject to current year taxes. There are, however, some courts who has disagreed. see e.g. City of St. Matthews v. Trueheart, 274 S.W.2d 52
(Ky. 1954), (holding the assessment date the crucial date). It should be noted that the situation involving Heber Springs may be more egregious than others, considering the fact that the territory will have only been in the city limits for approximately two months of the 1989 year, but it is my opinion that the application of any general rule in this area would have degrees of relative "fairness". It should be noted here, however, that the conclusion reached in this opinion may in general tend toward a more liberal taxation policy than in states where the levy date is not so late in the year. In Arkansas, local taxes are "levied" sometime in November of the year for which the taxes are charged. Thus, any time there is an annexation of territory prior to November of any given years, the newly annexed territory will be subject to taxation for that entire year. It will only be in cases where the annexation occurs after the November levy date, that is, sometime in late November or December, that the newly annexed territory will not be subject to city taxes for that year.
Of course, if alternate dates were chosen as the crucial dates, a similar, yet reverse problem would also occur. Suppose the determinative date on this issue were sometime in January, that is, the "lien date" or the beginning of the assessment period. Were this the procedure, only territory annexed prior to this date would be taxable for that year. This procedure would require that even territory annexed in the middle of January of a given year would not be subject to city taxation for that year. This result may seem just as "unfair" to the municipalities involved as the reverse seems unfair to the taxpayers. Of course, the most equitable procedure may be some type of "proration" of taxes in these instances. It is my opinion, however, that such an undertaking would likely need to be directed by legislative authority.
Accordingly, it is my opinion, in response to your specific question, that if November 2, 1989, (the date you have indicated as the date upon which the annexation was effective) fall prior to the date at which the levy of city taxes was made, then the newly annexed territory should be subjected to current year city taxes for 1989. If not, the new territory should not be charged city taxes for 1989. This conclusion can only be accorded the weight of a prediction as to what the Arkansas Supreme Court would hold on the issue, due to the complete lack of controlling Arkansas law on point. A final question may arise as to the precise time the "levy" of city taxes is made. Does this "levy" occur when the city certifies its tax rate to the county clerk under A.C.A.26-73-203, or when the county quorum court levies the county, municipal, and school taxes at its regular November meeting under A.C.A. 14-14-904(b)? It is my opinion that although the quorum court has no authority to change millages voted by the city councils, (Layne v. Strode, 229 Ark. 513, 317 S.W.2d 6 (1958)), the language of the statutes is clear to the effect that the quorum court "levies" the municipal taxes. See A.C.A.14-14-904(b). Thus, if the annexation was effective prior to this date, the new territory may be subjected to 1989 city taxes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Alana L. Cunningham.